Murray *vs.* The State.

EMANUEL MURRAY, plaintiff in error, *vs.* THE STATE, defendant in error.

Where in a trial for arson, in burning a gin-house, there was proof that the prisoner had confessed his guilt, saying that *he* had "put fire to it, at one o'clock at night," and there was no corroborating circumstance proven, except that the house was consumed by fire about the hour of one o'clock at night, and that the prisoner was resident about a mile from the spot:

*Held*, That, under section 3739 of the Revised Code, which provides that a confession alone, uncorroborated by other evidence, will not justify a conviction, this evidence is insufficient to sustain a verdict of guilty.

Criminal Law. Confessions. Corroboration. Tried before Judge CLARK. Lee Superior Court. March Term, 1871.

Murray, a negro, was indicted and tried for burning a gin-house. It was shown that the gin-house was consumed by fire, but how and by whom were the questions. It was one hundred and fifty yards from the dwelling of its owner, was unoccupied and had cotton seed and lint cotton stored therein. It was about a mile from Murray's home. The evidence to fix the burning upon Murray was as follows: About a year before he had lived with the owner of the gin-house. When brought before the Court for commitment he · was sober, and after being warned by the Judge that anything which he said might be used against him, he said that about one o'clock at night he put fire to the gin-house. The gin-house was burned about one o'clock at night; there was no fire there the day before, but there was a remnant of a burning brushheap about two hundred yards off. The witness testified to Murray's confession when charged.

For the defendant, a witness testified that the burning was between ten and eleven o'clock, P. M., and that Murray was then at home asleep, and gave the reasons why he knew the fact. There was evidence that Murray had had some liquor given to him before making said confession.

In rebuttal, the State introduced another witness, who testified that at another time and place Murray told him that he burned the gin-house because he had lived with its owner and he would not pay him his wages.

After the Court charged the jury as to the caution to be observed in receiving confessions, etc., he charged as follows: "A confession, uncorroborated by other evidence, will not justify a conviction." What kind of corroboration is necessary to support the confession? Proof that the house was burned and the reasonable certainty that some one set fire to it, is such a corroboration as the law contemplates. If the house was burned at one o'clock at night, and the defendant confessed that he burned it at that hour, without any suggestion of the hour when the house was burned being made to him, you can take that as a corroborating circumstance. If the gin-house was burned, and there is no evidence of how it was burned, the law presumes that the burning was accidental, but this is not the presumption if there is evidence to satisfy you that the accident could not have happened and a reasonable moral certainty that some one set fire to it."

The jury found the defendant guilty. A new trial was moved for because said charge was erroneous, and upon various other grounds, touching matters that occurred during the trial, not pertinent to our purpose. The new trial was refused, and that is assigned as error.

VASON & DAVIS; GEORGE W. WARWICK; POPE & BROWN, for plaintiff in error. Confessions: R. Code, sec. 3739; Ros. Cr. Ev., 144–5; 23 Ga., 297; 12 E. C. L., 61; 25th, 452, 456; 34th, 315, 381; Wills on Cir. Ev., 61, 64, 156. Corroboration is not matter of law, etc.: Ros. Cr. Ev., 144–5; 25 E. C. L., 556; 34th, 315, 381; Phil. on Ev., (Am. Ed.) 32; 32 E. C. L., 507; 12th, 61.

HAWKINS & BURKE; PHILLIP COOK; B. P. HOLLIS, for the State.

McCay, Judge.

Section 3739 of the Code, declares that "a confession alone, uncorroborated by other evidence, will not justify a conviction." There is, as we understand it, really *nothing* here but the confession. There is not even the *corpus delicti*, since there is no evidence that the gin-house was not accidently burned. The *looks* of the prisoner and his apparent unwillingness to talk with the witness, as mentioned by him, is evidence so liable to misconstruction, as to be of hardly any weight. That the fire took place about the hour mentioned in the confession, is surely of no weight as corroboration. The burning, at night, of a gin-house can be seen for miles, and, as the prisoner lived within easy sight of such a burning, his knowledge of the hour it took place was a fact that probably a hundred others knew as well as he. And if that knowledge is a fact showing his guilt, it would go equally to show the guilt of every one who saw the light and happened to notice the time. We are free to say, that we do not like the circumstances under which this confession was first made. It is by no means creditable to the officer that had the prisoner in charge, that he was permitted to drink whisky, as the proof shows. His confession under the circumstances, whilst it was, perhaps, admissible, was not of that deliberate and free character, as to give any conclusive weight. We think a new trial ought to have been granted.

Judgment reversed.