STEPHEN BROOKS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where there is evidence to authorize the verdict, a new trial will not be ordered.

New trial. Before Judge McCUTCHEN. Bartow Superior Court. September Term, 1873.

For the facts of this case, see the decision.

WOFFORD & MILNER, for plaintiff in error.

A. T. HACKETT, solicitor general, by PEEPLES & HOW-ELL, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of arson in the night-time. On the trial, the jury returned a verdict of guilty. A motion was made for a new trial on the ground that the verdict was against the weight of the evidence, and without evidence, which motion was overruled, and the defendant excepted. There is no positive evidence that the defendant. did set fire to the barn and gin-house as alleged in the indictment. But the circumstantial evidence against him is pretty strong; sufficiently so, in our judgment, to authorize the jury, if they believed the witnesses, to find the verdict they did. It appears from the evidence in the record, that the house was set on fire through the weather-boarding, in the night-time, and was the property of Price. Prince Cranford had his seed cotton, made that year, in the house, unginned. Price had cotton, wheat and oats in the house. The defendant had lived with Price two years before; had a difficulty about dividing the crop; there was bad feeling on the part of defendant towards Price and Prince Cranford. About two or three weeks before the house was burned, defendant said that as soon as Prince Cranford got his stuff and cotton together, he would make him lose more than he would gain; Prince Cranford's stuff and cotton was stored in Price's house, with whom he was living; talked bitterly about him, and was very unfriendly towards Colonel Price; said to one witness that he wished everything Colonel Price had was burned up, and him and his family burnt up in them; that he had cheated him out of his crop for two years; wished Colonel Price's building, and all he had, and his family, were burnt up in it, that it would be a good thing for the country. Said to another witness that he intended to have revenge out of both Prince Cranford and Colonel Price, but did not say how. There is evidence going to show that the defendant was at a meeting

in the neighborhood the night the house was burned, with his wife and son, about fifteen years old; that they left the meeting about ten o'clock; defendant told his wife and son to go on home, and he went in another direction, towards Mr. Best's, in the direction of the burnt house; the house was discovered to be on fire about one or two o'clock. From the threats of defendant, he had a *motive* and *wish* that both Price and Cranford should be injured just as they were by the burning of the house. In view of the circumstances showing the bad feeling of defendant and his threats towards Price and Cranford, and leaving his wife and son to go home by themselves at that time of night, and he going in another direction, it is a most significant fact that he made no attempt to account for himself, or where he was, at the time the house was discovered to be on fire. As a general rule, honest people can give an account of themselves when it is necessary to do so, as it was for the defendant in this case. Although we might not have found the defendant guilty under the evidence, still we cannot say there was *no evidence* to authorize the verdict which the jury have found, and therefore we will not disturb it.

Let the judgment of the court below be affirmed.