## JOHNSON *v.* THE STATE.

There was no material error in the charge of the court; the evidence warranted the verdict, and there was no error in overruling the motion for a new trial.　　*Judgment affirmed.*

March 26, 1892. Argued at the last term.

Criminal law. Arson. New trial. Before Judge BOWER. Dougherty superior court. April term, 1891.

Indictment for arson, under the code, §4379. The defendant was convicted on testimony tending to prove his presence on the premises of his father-in-law, where the burned barn and stockade were situated, on the night of the burning and shortly before the fire was discovered, together with testimony showing that the defendant and his wife had a "falling out" and separated on the day preceding the burning, she going to her father's plantation with the father's consent, and the defendant cursing and saying, she might move but it would do her no good, because he was going to make their damned hearts ache them before many nights and days, and that he was "going to kick up much hell in Dougherty." His testimony and the statement he made conflicted with the testimony for the State, and tended to prove an *alibi.* The State's testimony is to the effect, also, that it was improbable the burning could have been accidental.

To the denial of a new trial, and to the overruling of his motion for a verdict in his favor because the *corpus delicti* was not proved, the defendant excepted. The errors assigned in the motion for a new trial, in addition to the grounds that the verdict is contrary to law and. evidence, are on the charge of the court.

H. MORGAN, by brief, for plaintiff in error.

W. N. SPENCE, solicitor-general, by brief, *contra.*