## WILLIS *v.* THE STATE.

FISH, J. Whether a conviction upon an indictment for simple larceny can or can not be sustained upon evidence showing that the accused committed the offense of larceny from the house, such conviction may be upheld when the evidence warranted a finding that the structure from which the stolen goods were taken and carried away was a chicken-coop and not a house.            *Judgment affirmed. All the Justices concurring.*

Argued June 21, — Decided July 7, 1897.

Indictment for larceny.    Before Judge Eve.    City court of Richmond county.    April term, 1897.

*Russell & Rosenfield,* for plaintiff in error.
*C. Henry Cohen, solicitor,* contra.

---

## MEEKS *v.* THE STATE.

COBB, J. 1. A house used as a place of residence by a man and his family is an "occupied dwelling-house" within the meaning of section 138 of the Penal Code, although every member of the family may be temporarily absent at a time when the house is maliciously and wilfully burned. *Johnson* v. *The State,* 48 *Ga.* 117 (5).

2. The evidence, though entirely circumstantial and not showing with absolute certainty the guilt of the accused, was sufficient to warrant the verdict. It evidently satisfied the jury, not only beyond a reasonable doubt, but to the exclusion of every other rational hypothesis, that the accused committed the crime with which he was charged; and the trial judge having approved their finding, this court, under the established rule applicable in such cases, will not interfere.

*Judgment affirmed. All the Justices concurring.*

Argued June 21, — Decided July 7, 1897.

Indictment for arson.    Before Judge Littlejohn.    Schley superior court.    April term, 1897.

*J. R. Williams,* for plaintiff in error.    *J. M. Terrell, attorney-general,* and *F. A. Hooper, solicitor-general,* contra.