### GAITHER *v.* THE STATE.

TURNER, J.    Where the evidence fails to prove the corpus delicti, and where the circumstantial evidence fails to connect the defendant with the alleged crime, a motion for a new trial by the defendant convicted under such deficient evidence should be granted.

*Judgment reversed.    All the Justices concur.*

Argued November 16, — Decided December 8, 1903.

Indictment for arson.    Before Judge Lewis.    Hancock superior court.    October 5, 1903.

The burned building was a barn on a farm.    The fire was discovered between 11 and 12 o'clock at night.    The top of the barn was then falling in.    Nothing was known as to the origin of the fire.    A witness testified that "it seemed to have caught from the loft," where hay was stored.    The barn was not locked that night. The house in which the accused and his wife lived was a short distance from it.    The fire occurred Sunday night.    He had been at work there, with another man, Saturday, putting hay into the barn.    The last time any of the witnesses saw him, before the fire, was Sunday morning.    About sunrise the next day he came towards the barn, to where several persons were standing, and, when asked where he had spent the night, said that he stayed at a certain plantation in the neighborhood (naming the place).    To one of the witnesses he said he had gone to that place about sundown Sunday, after having spent the day at other places mentioned, and that he stayed there all night with a certain woman, in a house in the yard.    There was no contradiction as to this.    A witness testified :    "We investigated the matter, and were told that he did spend the night there."    When he came up to the party near the barn he was asked which way he had come, and he pointed to a wire fence and said he had come by that fence.    He was then told to get his mule and begin plowing in a certain field, which he did.    The others then made an examination of tracks near the

barn.   The ground around it was very hard, and a number of persons had been walking about in the lot while the fire was in progress.    About 800 or 900 feet from the barn, tracks leading away from that direction and through a plowed field, about 9 or 10 feet apart, which seemed to be fresh and to have been made by a person running, were discovered.   Dogs were brought from a convict camp, and they followed these tracks until they got to a fence. The dogs went through the fence, then left the " running " tracks, and, going in a different direction, ran up the fence to a path which left it, then along the wire fence on the route by which the accused had said he came that morning, but, after going a short distance, went back to the place where they had left the " running " tracks, and followed them until they went into the yard in which the accused had said he spent the night.    It does not appear that the tracks or the dogs went to any particular place in the yard, or that any further use was made of the dogs.    The dogs did not go near the accused or to his house.   Witnesses testified that the tracks alongside the wire fence where the accused had said he walked were exactly like the " running " tracks which the dogs had followed into the yard, and that shoes of the accused, which were exhibited, corresponded with these " running " tracks; that a little piece of leather at the toe of each shoe, and nails or tacks by which the piece had been put on, made an impression on the ground, which showed plainly in the tracks.    Tracks were found which indicated that the person who made the " running " tracks had been standing with his face in the direction of the barn before he commenced to run.    There was no evidence as to motive for the alleged crime.    The accused did not leave the neighborhood or attempt to conceal himself.

*R. H. Lewis*, for plaintiff in error.
*David W. Meadow, solicitor-general*, contra.