## 6426.  SEVIER *v.* THE STATE.

RUSSELL, C. J. The presumption that the burning was either the result of accidental or providential cause was not overcome by proof. Notwithstanding that it may be difficult to convict of the offense of arson, the rule that upon the prosecution devolves the burden of showing that the burning was the result of criminal design is inflexible. In the present case, not only was there failure to establish the corpus delicti, but even if it be conceded that the barn in question was fired, the evidence is insufficient to remove every other reasonable hypothesis than that of the defendant's guilt. In view of our conclusion as to the evidence, it is unnecessary to consider the merits of the remaining assignments of error.

*Judgment reversed. Broyles, J., dissents.*
DECIDED OCTOBER 15, 1915.

Indictment for arson; from Sumter superior court—Judge Littlejohn. February 15, 1915.

*L. J. Blalock,* for plaintiff in error, cited: *Ragland v. State,* 2 *Ga. App.* 492; *West v. State,* 6 *Ga. App.* 105; *Bines v. State,* 118 *Ga.* 320; *Williams v. State,* 85 *Ga.* 535; *Gaither v. State,* 119 *Ga.* 118; *Phillips v. State,* 29 *Ga.* 105; *Murray v. State,* 43 *Ga.* 256.

*J. R. Williams, solicitor-general,* contra, cited: *Hammack v. State,* 52 *Ga.* 397; *Brooks v. State,* 51 *Ga.* 612; *Johnson v. State,* 89 *Ga.* 107; *Travis v. State,* 97 *Ga.* 359; *Smith v. State,* 125 *Ga.* 296; *Meeks v. State,* 102 *Ga.* 572; *Flannigan v. State,* 13 *Ga. App.* 663; *Dixon v. State,* 11 *Ga. App.* 367; *Brown v. State,* 6 *Ga. App.* 357; *Miller v. State,* 1 *Ga. App.* 134.

BROYLES, J., dissenting. In my opinion, the presumption that the burning was the result either of accidental or providential causes was overcome by the evidence in this case. And I think that the evidence authorized the jury to find that the defendant was guilty beyond a reasonable doubt, and that every other reasonable hypothesis than that of the defendant's guilt was excluded by it. Mr. Williamson's (the prosecutor's) barn was burned at night. The State proved that the accused, who worked for Mr. Williamson, had told Nelse Bonner before the burning that he "didn't like Mr. Williamson," and that he was going to burn up Mr. Williamson's barn; and when Bonner asked him how he was going to get there without being seen, the defendant replied that there was "more than one way to kill a dog without choking him." The evidence was that the barn was locked, but that there were pigeon-holes through which a match or fire could easily be thrown, and that the fire was started in a basket of shucks inside the barn. The State also proved by several witnesses that shortly after the fire was discovered, the accused was seen coming from the direction of the burning barn, while all the other employees were running towards the fire. I think the judgment of the court overruling the motion for a new trial should be sustained.