### 14296. WILLIAMS *v.* THE STATE.

A conviction of arson was not authorized in this case. The corpus delicti was not established, the evidence not being sufficient to overcome the presumption that the fire was the result of accident or of some providential cause, and to prove beyond a reasonable doubt that it was the result of a criminal agency.

DECIDED MAY 15, 1923.

Indictment for arson; from Liberty superior court — Judge Sheppard. January 5, 1923.

*Darsey & Mills,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

BLOODWORTH, J. Plaintiff in error was convicted of burning an unoccupied building located on a farm. He made a motion for a new trial which was overruled, and the case is here for review. So far as the record shows, nothing whatever is known as to the origin of the fire which destroyed the building. The substance of the evidence relating to the burning is that a member of the

family of the prosecutor was at the dwelling "about six o'clock that night" and that the burning occurred about 11:30 o'clock. There is no evidence which shows beyond a reasonable doubt that the burning was the result of any criminal agency. In *West v. State,* 6 *Ga. App.* 105 (64 S. E. 130), this court held: "1. In a case of arson, the corpus delicti consists of two fundamental facts: first, the burning of the house described in the indictment; and second, the fact that a criminal agency was the cause of the burning. 2. On a trial for arson, if nothing appears but the mere fact that the house was consumed by fire, the presumption is that the fire was the result of accidental, or natural or providential cause." See cases cited on page 106. In *Sevier v. State,* 17 *Ga. App.* 277 (86 S. E. 533), Chief Judge Russell, speaking for the court, said: "The presumption that the burning was either the result of accidental or providential cause was not overcome by proof. Notwithstanding that it may be difficult to convict of the offense of arson, the rule that upon the prosecution devolves the burden of showing that the burning was the result of criminal design is inflexible. In the present case, not only was there failure to establish the corpus delicti, but even if it be conceded that the barn in question was fired, the evidence is insufficient to remove every other reasonable hypothesis than that of the defendant's guilt." See cases cited in Cumulative Supplement Enc. Dig. Ga. R., vol. 2, pp. 103-4, under "A. Presumptions and burdens of proof;" Stevens' Dig. Ga. R., vol. 2, pp. 1094-5. Under the rulings in the foregoing cases the evidence in this case is not sufficient to overcome the presumption that the fire was the result of accident or some providential cause, and to prove beyond a reasonable doubt that it was the result of a criminal agency.

In view of the foregoing conclusion as to the insufficiency of the evidence, it is unnecessary to consider the other assignments of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*