## 24689. ROWLAND v. THE STATE.

BROYLES, C. J. 1. Upon circumstantial evidence, the accused was convicted of voluntary manslaughter. In his motion for a new trial he excepts to the following excerpt from the charge of the court: "'Indirect or circumstantial evidence is that which tends to establish the issue by proof of various facts and circumstances sustaining by their consistency the hypothesis claimed. Before you would be authorized to convict on circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of guilt of the accused;" the exception being based on the ground that the judge failed to instruct the jury "that in criminal cases in which the guilt of the defendant is wholly dependent on circumstantial evidence, if the proved facts are consistent with innocence, the defendant would be entitled to an acquittal." The exception is without merit. The language of the excerpt complained of is substantially the language of the statute (see Code of 1933, § 38-109), and the charge is not erroneous for the reason assigned. In *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031), and in the other cases cited by counsel for the plaintiff in error the court failed to charge the foregoing statute, and the judgment was reversed for that reason.

2. The evidence, while wholly circumstantial, was sufficient to authorize the jury to find that it excluded every *reasonable* hypothesis save that of the defendant's guilt. The case of *Williams* v. *State*, 113 *Ga.* 721 (39 S. E. 487), and the other cases cited by counsel for the plaintiff in error, are distinguishable by their facts from this case. The refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 3, 1935.

*J. N. McDonald*, for plaintiff in error.
*John S. Gibson, solicitor-general*, contra.