### 31695.   LOCKHART *v.* THE STATE.

Decided October 15, 1947.   Adhered to on Rehearing December 16, 1947.

*Jule Felton, A. C. Felton III,* for plaintiff in error.

*E. L. Forrester, Solicitor-General,* contra.

GARDNER, J. ■ The first question to decide is—does the evidence sustain the verdict? Every fire is presumed to be accidental or providential. The burden is on the State, in a case of the sort before us, to prove that the fire was of an incendiary

origin and that the accused was the person who did the burning. The accused, having been convicted by a jury and his conviction having been approved by the trial court in overruling the motion for a new trial, it is incumbent upon a court of review to construe the evidence in a light most unfavorable to the accused. This is true, for every presumption is in favor of such a verdict. *Vandeviere* v. *State,* 58 *Ga. App.* 18 (197 S. E. 338); *Prosser* v. *State,* 60 *Ga. App.* 604 (1) (4 S. E. 2d, 499); *Beckworth* v. *State,* 60 *Ga. App.* 689 (4 S. E. 2d, 707). The facts in the instant case are analogous, if not similar, to the facts in the case of *Graves* v. *State,* 71 *Ga. App.* 99, 100 (30 S. E. 2d, 212), where this court said: "It is contended by the plaintiff in error that the evidence is insufficient to sustain a conviction; that it does not exclude the reasonable hypothesis that the house did not burn from a spark from the flue on the kitchen stove, or one from the tobacco barn, or from a cigarette which the defendant in an intoxicated condition carelessly dropped on some of the bedding. It is conceded by the State that to sustain the conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. This simply means that the evidence must be consistent with his guilt and inconsistent with his innocence. The proved facts must not only be consistent with such reasonable hypothesis of guilt as are ordinarily drawn by ordinary men in the light of their experiences in everyday life, but must exclude every other reasonable inference so drawn save the guilt of the accused. When we measure the case by that yardstick, it is our view that the evidence sustains the verdict. To sustain a conviction, it is not required that the evidence exclude every possibility or inference that may be drawn from proved facts. It is only necessary to exclude reasonable inferences and reasonable hypothesis which may be drawn from the evidence under all the facts and circumstances surrounding the particular case." We think that the *Graves* case lays down the correct rule with reference to circumstantial evidence. In this connection we might also call attention to *Wade* v. *State,* 16 *Ga. App.* 163 (84 S. E. 593). We will call attention to the statement of the court in that case on page 167 and 168, as follows: "It is not often possible to make

out a case of arson by direct proof establishing the corpus delicti or showing the connection of the defendant with the commission of the crime, for arson is seldom committed except at an hour when there is small chance that the criminal will be actually observed in the execution of his nefarious purpose, and it is also generally easy to commit the crime by stealth, without the help of an accomplice, without the beating of drums or blare of trumpets, or any betraying noises; and therefore circumstances must generally be depended upon not only to show the guilt of the accused, but to establish the corpus delicti.

"The rule that the circumstances proved should exclude every other reasonable hypothesis save that of the guilt of the accused should not be relaxed; but it does not follow that the criminal must go unwhipped of justice because absolute proof is not presented by the State." In this connection we call attention to *Meeks.* v. *State,* 103 *Ga.* 420, 423 (30 S. E. 252). This was an arson case and based upon circumstantial evidence. The court in that case, after relating the circumstantial facts as to the incendiary origin of the fire and the identity of the defendant as the perpetrator, reached the conclusion that the fire was of incendiary origin and that the defendant therein was the author thereof. On page 422 the court said: The circumstances pointing to the defendant's guilt consisted mainly of motive, threats, tracks, and suspicious conduct after arrest. Tracks frequently mislead; motives are often misconstrued; human conduct misinterpreted; and threats are often meaningless boasts. Each one of these strands in the chain of circumstances before us, separated from the other, may be easily broken, but when they are all united, wove together, and pointing to one direction, we can not say they do not form a cable sufficiently strong to fasten guilt upon the accused. It was true that the defendant undertook to establish an alibi; and if his witnesses told the truth, he was not guilty, but the jury as they had a right to do, evidently did not credit them. While this testimony does not leave our minds in an absolute state of satisfaction about the guilt of this accused, yet the judge below, who heard the testimony, saw the witnesses and had opportunity of judging their credibility, having approved the finding of the jury, we do not

feel the case authorized the conclusion that his judgment over-ruling the motion was error. One who receives a current of testimony fresh from the living fountain sources has a better opportunity to judge of its purity and probative force than he who inspects a mere photograph of it upon cold and lifeless paper. See *Brooks* v. *State*, 51 *Ga*. 612. There are many other cases which we might cite as to the general grounds. On this phase of the case counsel for the defendant cite and rely on the case of *Cheney* v. *State*, 61 *Ga. App.* 726 (7 S. E. 2d, 335), and *Williams* v. *State*, 85 *Ga*. 535 (11 S. E. 859). We will not discuss the facts in these cases, cited on behalf of the defendant in a comparative way, with the facts in the instant case, but after giving them careful consideration, we do reach the conclusion that the opinions, under the facts of those cases, show no reason why this court should reverse the judgment in the instant case under its facts, so far as the general grounds are concerned. In studying this case we have examined "The Law of Arson" by Curtis. We will quote from this author on a few pertinent points involved in the instant case: "Evidence that the accused had a motive for setting a fire, is admissible to aid in identifying the guilty incendiary or in showing that the fire was of criminal origin rather than of accidental origin." Pp. 82, 83, sec. 67. "The corpus delicti, may be proved, with other elements of the offense by circumstantial evidence. The surrounding circumstances, such as the isolation of the premises, the absence of any natural cause for the fire, the precautions taken to avoid a fire, or other facts of similar import, may be deemed adequate evidence of the incendiary origin of the blaze." Pp. 529, 531, sec. 486. "The mere possibility that the fire was occasioned by spontaneous combustion or by some other cause innocent of criminal intent, does not demand an acquittal, for the jury must act on probabilities, not impossibilities." P. 533, sec. 486. "Evidence of footprints leading to and from a fire has slight value unless it is shown that they correspond with tracks which may have been made by the defendant. Hence evidence of correspondence is relevant. The witnesses may testify as to what they did in comparing the tracks at the fire with the footwear of the accused. It may be shown that the accused wears shoes of the same size as the tracks, or the prosecution may prove that

defendant's foot fitted the track." Pp. 341, 342, sec. 323. "Evidence of footprints is strengthened when it can be shown that there is some peculiarity in the tracks which more readily identify them as having been made by the defendant. Hence evidence of distinguishing features in the footprints is received. Such evidence limits the number of persons who might legitimately be charged with the offense." P. 342, sec. 324.

Therefore we conclude that the evidence, though circumstantial, was sufficient for the jury to infer in the instant case that the fire was of an incendiary origin and that the defendant was the guilty party.

■ Special ground 4 (1) complains of an excerpt from the charge of the court as follows: "Now, gentlemen, I charge you that tracks alone, that is, tracks uncorroborated by other evidence are insufficient to sustain a conviction."

When we review the charge as a whole, this excerpt is not subject to the criticism made. The court specifically charged the jury elsewhere: "I charge you in any case of arson the corpus delicti consists of two fundamental facts, first, the burning of the house described in the indictment, and the second that a criminal agency was the cause of the burning. I charge you under our law when a burning occurs the presumption is it was accidental or providential or some other cause other than a criminal cause and, while that presumption may be rebutted, it must be rebutted and be shown that it was done by a criminal agency and by the defendant on trial to your satisfaction beyond a reasonable doubt." This special ground has no merit.

■ The defendant, in special ground 5, assigns error on the following charge: "If you render a verdict of that kind, it will become necessary for you to fix the punishment. In other words, under our law, where a person is found guilty of a felony, the law provides that the jury should fix the punishment and not the judge. In misdemeanors it is just the reverse; the judge fixes the punishment and not the jury. Therefore, if you should find him guilty and write the formal verdict I have just intimated or suggested to you, you would add to that 'and we fix' use the word 'fix,' please, 'we fix this punishment at not less than so many years,' stating the number and not more than so many years, stating the number."

It is contended that this excerpt from the charge intimated that the jury should find the defendant guilty. When we look at the charge as a whole, we think that this assignment of error is without merit. In reading the whole charge, it clearly appears to us that this excerpt was predicated upon preceding instructions as follows: "I charge you in any case of arson the corpus delicti consists of two fundamental facts. After you have determined what the facts are in this case, if you should believe beyond a reasonable doubt that the defendant is guilty of the offense of arson as charged in this bill of indictment by setting fire to the house of Addie Gordon, alias Missie Maze, as alleged in this indictment, if you believe that beyond a reasonable doubt, then you will be authorized to so find and, in that event, the form of your verdict would be, we the jury, find the defendant guilty." The excerpt was followed by these later instructions: "As I stated to. you, the statute gives you a range of from two to twenty years as the punishment you might determine to be fixed if you find this defendant guilty. You may make your minimum punishment and your maximum punishment the same number of years or you may make the minimum less than the maximum and that is on the idea if a convict serves the minimum as under good behavior it is his privilege then to serve the remainder, the difference between the minimum and the maximum under parole. . . Now, that you have determined what the facts are, if you should believe that the defendant is guilty, you will render the form of your verdict given you in charge, if you believe that beyond a reasonable doubt. If you do not believe that the defendant is guilty or if you have a reasonable doubt of his guilt, it is your duty to acquit the defendant, and in that event, the form of your verdict would be, we, the jury, find the defendant not guilty." When reviewing the charge as a whole we find no error in this special ground.

■ Special ground 6 assigns error because the court failed to charge, without a written request, "that proof of identity of tracks alone would not be sufficient to connect the defendant with the commission of the crime charged." There was no request for such a charge. Moreover, the charge as a whole fully covered this point.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*