23464.   KENNEMORE v. THE STATE.

254

*C. Winfred Smith,* for appellant.

*Floyd G. Hoard, Solicitor General, Arthur K. Bolton, Attorney General, Davis & Davidson,* for appellee.

ALMAND, Justice. Under an indictment charging the appellant with the murder of Donald Marlowe on February 27, 1965, he was on his trial found guilty with a recommendation of mercy and sentenced to life imprisonment. He filed a notice of appeal and enumerates 43 errors.

Only headnotes 2 and 9 need elaboration.

■ Police officers in DeKalb County obtained a warrant to search the premises of Lawrence Kennemore, a brother of the defendant, on March 8, 1965. They executed the warrant and found nothing. They made a second visit on the same day finding Lawrence Kennemore at home. Kennemore took the officers to the back yard with him and dug up a shotgun barrel which was turned over to the officers.

Defendant moved to suppress the use of the shotgun barrel as evidence on the ground that "the possession and obtaining of same was by illegal search and seizure and pursuant to a void search warrant and upon the further ground it was not obtained legally pursuant to a legal arrest and the same should not be permitted to be offered in evidence by the State as the same is inadmissible in evidence upon the following ground, it does not appear by affidavit or otherwise that probable cause exists." This motion was overruled. On the trial, he objected to the admission of the gun barrel in evidence on the same grounds. Errors are enumerated in grounds 2, 21, 23, 33 and 34.

These grounds are without merit. Since the search was not on the premises of the defendant, he is in no position to claim that the gun barrel was obtained by an illegal search. *Davis v. United States,* 138 F2d 406, cert. denied 321 U.S. 775. The security of person and home from unreasonable search and seiz-

ure does not extend to open fields. Hester v. United States, 265 U. S. 57 (44 SC 445, 68 LE 898) ; see Anno. 74 ALR 1456.

The motion to suppress the testimony of State witness Dood as to the defendant's oral confession was properly overruled.

■ The jury was authorized to find from the evidence that: defendant's brother Richard had threatened to kill the deceased because of his attentions to Richard's wife; that the defendant and his brother Richard Kennemore, on the night of February 27, 1965, in a Valiant automobile, followed the deceased, who was driving a Corvair automobile, on U. S. Highway 129 from Gainesville to Jefferson, Ga.; that they had in the car a 12-gauge shotgun; that as the Kennemore car overtook the deceased's car, the defendant fired a blast into the left rear of the deceased's car; that the Kennemore car struck the deceased's car, causing it to turn over; that the defendant's brother took the shotgun and fired a load of shot into the body of Marlowe; that shortly thereafter Marlowe was found dead beside the wrecked Corvair, the evidence showing that occurrence was in Jackson County. The direct and circumstantial evidence corroborates the incriminating admissions made by the defendant and supports the verdict of guilty.

*Judgment affirmed. All the Justices concur.*