## 55225. HENDERSON v. THE STATE.

BANKE, Judge.

The appellant brings this appeal from his conviction for selling cocaine in violation of the Georgia Controlled Substances Act. He contends that there was a fatal break in the chain of custody of the contraband introduced into evidence against him.

An undercover agent testified that she purchased four small plastic bags of a white powdery substance from the appellant on July 2, 1976. She stated that she then placed these bags into a larger plastic bag and placed that bag into a brown paper sack, which she sealed with staples and placed in her car trunk. She testified that she was the only person with a key to the trunk. Five days later at her apartment she delivered the package to an officer of the Metro Drug Squad. Approximately three weeks later, she went to the offices of the Metro Drug Squad, removed the package from an evidence locker, and transported it personally to the State Crime Laboratory. She testified that the bag appeared to be in the same condition at that time as it was when she delivered it to the Metro Drug officer in her apartment.

This case is virtually identical to *Johnson v. State,* 143 Ga. App. 169 (1) (237 SE2d 681) (1977) and is controlled thereby. There, as here, the testimony established with "reasonable certainty" that the contraband removed from the evidence locker was the same as that seized from the appellant and that there had been no tampering with it. Although in the case before us now it appears that some of the identifying markings had "rubbed off" the bags at the time of trial, there was no indication that such had been the case when they were removed from the evidence locker and taken to the State

Crime Laboratory.
    *Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 1, 1978 — DECIDED MARCH 7, 1978.

*Russell T. Quarterman*, for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney*, for appellee.