59468. THOMPSON v. THE STATE.
59469. AMSTUTZ v. THE STATE.

CARLEY, Judge.

Appellants in these companion cases were indicted on a two-count indictment. Count 1 charged appellants with possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. Count 2 charged them with possession of cocaine in violation of the same Act. Both appellants originally pled guilty. Appellant-Thompson received a six-year sentence with three years to serve and three years on probation. Appellant-Amstutz received an eight-year sentence with five years to serve and three years on probation. Appellants thereafter moved to withdraw their guilty pleas, their motion was granted and they proceeded to a jury trial which was presided over by the judge who had allowed appellants to withdraw the guilty pleas. The jury returned guilty verdicts against appellants on both counts. They appeal.

1. Appellants enumerate error on the denial of their motion to suppress. The evidence shows that a part-time law enforcement officer observed an airplane on his neighbor's property. He saw appellants unloading bales or bundles from the plane and reported the suspicious activity to the sheriff. The sheriff arrived to investigate. Amstutz fled. Thompson related to the sheriff that he had been hitchhiking when "some guy came by and picked him up and wanted him to help him unload some marijuana." Thompson was arrested and Amstutz was apprehended shortly thereafter. On this evidence, it was not error to deny the motion to suppress. Appellants had no Fourth Amendment protection against the seizure of contraband in the open fields of another. Hester v. United States, 265 U. S. 57 (44 SC 445, 68 LE 898) (1924); *Kennemore v. State,* 222 Ga. 252 (149 SE2d 471) (1966). See also *Anderson v. State,* 133 Ga. App. 45 (209 SE2d 665) (1974); *Patterson v. State,* 133 Ga. App. 742 (212 SE2d 858) (1975); *Frazier v. State,* 138 Ga. App. 640 (227 SE2d 284) (1976). Since appellants have no standing to assert any Fourth Amendment rights as to items seized in the open fields of another, a showing of the reliability or credibility of the informant-observer is unnecessary. The requirement under the

Fourth Amendment that searches be based on probable cause applies only to searches of constitutionally protected areas. *Novak v. State,* 130 Ga. App. 780 (204 SE2d 491) (1974); *Anderson v. State,* 133 Ga. App. 45, supra.

Appellants further urge that it was error to introduce the marijuana and cocaine into evidence because the state failed to prove chain of custody. We disagree. "The burden the state must carry to gain admission of evidence such as this is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. [Cit.] . . . '[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. (Cits.)' [Cits.]" *Johnson v. State,* 143 Ga. App. 169 (237 SE2d 681) (1977). After a thorough review of the transcript in this case, we are convinced that the state met this burden. *Henderson v. State,* 145 Ga. App. 169 (243 SE2d 113) (1978). There was no error.

2. The trial court ordered counsel for appellants and counsel for the state to submit a list of proposed voir dire questions to be asked of prospective jurors excepting those set forth in Code Ann. § 59-806. Counsel was informed that any question not appearing on the list would not be permitted and that, prior to trial, the court would advise counsel as to which of the proposed questions would be allowed and which would not. Appellants' counsel submitted his list. The trial court entered an order setting forth which voir dire questions he would allow defense counsel to ask. This order disallowed and reworded certain questions which had been on the list submitted to the court. Appellants enumerate as error the disallowance of these voir dire questions.

"The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." *Whitlock v. State,* 230 Ga. 700, 706 (198 SE2d 865) (1973). A review of the transcript of the voir dire in the instant case demonstrates that appellants were afforded a thorough and complete examination of prospective jurors. The entry of the order prescribing permissible inquiries did not constitute a "manifest abuse" of the discretion of the trial judge. Arguments to the contrary are meritless.

3. Error is enumerated on the trial judge's refusal to give the following request to charge: "[C]ircumstantial evidence is evidence

which only tends to establish the issue by proof of various facts sustaining by their consistency the hypothesis claimed. Circumstantial evidence alone will not support a conviction unless the evidence is *such that it excludes every hypothesis except that of guilt. . .* If the evidence points to one theory which is consistent with guilt and to another which is consistent with innocence, the evidence will not support a conviction and you would be authorized to return a verdict of not guilty." It was not error to refuse to give this charge because it is not an accurate statement of the law. " ' To sustain a conviction, it is not required that the evidence exclude *every possibility or inference* that may be drawn from proved facts. It is only necessary to exclude reasonable inferences and reasonable hypotheses which may be drawn from the evidence under all the facts and circumstances surrounding the particular case.' [Cits.]" (Emphasis supplied.) *Giles v. State,* 94 Ga. App. 655, 657 (96 SE2d 317) (1956). Appellants' request states that circumstantial evidence must exclude *every* hypothesis save guilt; however, circumstantial evidence need only exclude every *reasonable* hypothesis save guilt. The requested charge was an inaccurate statement of the law. See *Taylor v. State,* 44 Ga. App. 821 (3) (163 SE 271) (1931).

Furthermore, the trial court did in fact instruct the jury on the definition of circumstantial evidence and then charged: "Now to warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of [guilt], but must exclude every other reasonable theory, save that of the guilt of the accused." This was a proper and sufficient charge on circumstantial evidence, substantially in the language of Code Ann. § 38-109. *Johnson v. State,* 133 Ga. App. 394 (4) (211 SE2d 20) (1974). Appellants apparently urge on appeal that even though their request was not perfect the trial court should have given the last part of their requested instruction concerning the jury's duty to acquit if the circumstantial evidence pointed equally and consistently to both guilt and innocence. Appellants argue that where the court undertakes to charge the law on a particular subject it should charge all the law on the subject that is material and applicable to the case. We find this argument unpersuasive in the instant case. *Rowland v. State,* 51 Ga. App. 54 (179 SE 585) (1935); *Hudson v. State,* 237 Ga. 241 (2) (227 SE2d 257) (1976). Futhermore, we find this portion of the refused request not applicable in this case. Such a charge is more apt "where *only* circumstantial evidence is involved. [Cit.]" (Emphasis supplied.) *Fleming v. State,* 137 Ga App. 805, 806 (224 SE2d 792) (1976). "In cases where the guilt of a defendant is *dependent solely on circumstantial evidence* it has been held error to fail to charge that if the proved facts are consistent with the theory of

innocence, the defendant should be acquitted. [Cits.]" (Emphasis supplied.) *Nolen v. State,* 124 Ga. App. 593, 594 (184 SE2d 674) (1971). As the trial court noted in the instant case the evidence relied on by the state was not solely circumstantial. Appellants cite *Braden v. State,* 135 Ga. App. 827 (219 SE2d 479) (1975), and the "equal access" rule in support of their argument that the instant facts present a theory of innocence. In light of the direct evidence in this case, coupled with the circumstantial, we find this contention to be without merit. *Smith v. State,* 152 Ga. App. 134 (262 SE2d 166) (1979); *Tuggle v. State,* 149 Ga. App. 634 (255 SE2d 104) (1979); *Phillips v. State,* 144 Ga. App. 690 (242 SE2d 343) (1978); *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1976). It was not error, for any reason urged, to fail to give the "two theories" charge. *Golson v. State,* 130 Ga. App. 577, 579 (2) (203 SE2d 917) (1974).

Appellants further contend that the trial judge originally indicated he would not charge on circumstantial evidence; that, therefore, defense counsel did not address circumstantial evidence in his closing argument to the jury; that the judge then gave his above quoted instructions substantially in the language of Code Ann. § 38-109; and that when appellants' counsel objected to being misled as to the court's intentions to instruct on circumstantial evidence and requested the right to reargue to the jury on this matter, this request was denied. It is urged that this constitutes reversible error. *Daniels v. State,* 137 Ga. App. 371, 373 (4) (224 SE2d 60) (1976). Under the existing circumstances of this case, we disagree. First, the trial judge here did not specifically indicate he was not going to charge on the principle of circumstantial evidence, only that he would not give appellants' request. Second, unlike *Daniels,* the requested charge in the instant case was itself erroneous, properly refused and was not in fact given. Third, after the proper charge on circumstantial evidence was given and the jury had retired, the transcript of defense counsel's colloquy with the judge on this issue demonstrates that counsel's "objection" was susceptible of being construed, and was apparently construed by the court, as an objection to the court's failure to give appellants' *requested* instruction on circumstantial evidence and as a plea that the jury be recharged in the language of that request. The judge, in response, explained why he had refused to give appellants' erroneous request. Counsel never explained to the judge that he was not insisting on the exact language of the request and that he wished to reargue his closing in light of the *trial court's charge* on circumstantial evidence. Counsel did not inform the court that his reargument would not be tailored to the properly refused request. Accordingly, the trial court did not refuse to allow reargument to the jury on circumstantial

evidence per se but, rather, disallowed reargument "in accordance with the Requests to Charge that you handed up." At that point counsel dropped the issue. Under these facts, we find that counsel at no time fully informed the court that he wished to reargue "circumstantial evidence" in accordance with the judge's proper charge on that issue and the trial court at no time absolutely denied him that right. Therefore, we find no violation of *Daniels* and no reversible error.

4. Appellants raised coercion as a defense. The trial court gave a full and fair charge on this defense which was in no way burden shifting. *Fox v. State,* 238 Ga. 387, 388 (2) (233 SE2d 341) (1977). Arguments that this otherwise proper charge became burden shifting upon the the trial court's refusal to give appellants' requested instruction to the effect that the burden was on the state to disprove coercion are without merit. *Richards v. State,* 152 Ga. App. 201, 203 (4) (262 SE2d 537) (1979).

5. Appellants Thompson and Amstutz originally pled guilty and received, respectively, total sentences of six years (three to serve and three on probation) and eight years (five to serve and three on probation). After their guilty pleas were withdrawn and their trial resulted in guilty verdicts, the judge imposed a six-year sentence on Thompson and eight-year sentence on Amstutz, without probation. Appellants contend that this action by the trial court violates the due process standards enunciated in North Carolina v. Pearce, 395 U. S. 711, 725 (89 SC 2072, 23 LE2d 656) (1969), requiring that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." There is no absolute constitutional bar to imposing a more severe sentence; Pearce merely requires that the court must include in the record an affirmative statement of the reasons underlying the decision to increase the punishment upon resentencing. And those reasons should in fact support the imposition of the harsher penalty. *Anthony v. Hopper,* 235 Ga. 336 (219 SE2d 413) (1975).

In the instant case the trial judge has included his reasons for eliminating the probationary aspects of his original sentence from the sentence imposed after trial. We believe this finding by the trial judge satisfies Pearce's requirement that there be a showing that the harsher sentence is not "vindictive" but based upon identifiable conduct on the part of appellants occurring after their original sentencing. The trial judge indicated that he had accepted the original guilty pleas as a demonstration of appellants' "significant step toward rehabilitation" and that for that reason alone he had entered partially probated sentences. The judge stated that he

would not have extended the leniency of probation had appellants not pled guilty. Thus, the trial court's statement affirmatively demonstrates that his sentence after the jury verdict was not based upon "vindictiveness" towards appellants for withdrawing their pleas but, rather, on the absence of the basis upon which his original probated sentencing was based — appellants' first step toward rehabilitation as evidenced by their willingness to plead guilty. "For those who plead [guilty], that fact itself is a consideration in sentencing, a consideration that is not present when one is found guilty by a jury." Corbitt v. New Jersey, 439 U. S. 212, 224, fn. 14 (99 SC 492, 58 LE2d 466) (1978). The trial judge further stated that appellants, subsequent to withdrawal of their pleas, exhibited an "obvious attitude of hostility toward and contempt for the overall criminal justice system."

Here, as in Corbitt, appellants were originally given the election to contest their guilt or to plead guilty and receive a partially probated sentence. They elected the latter but then withdrew their pleas and went to trial in the hopes of either being acquitted or receiving a lesser sentence. Having made that election and been found guilty by a jury, appellants should not now be heard to complain that that election also destroyed the basis upon which the original probated sentence was based. "It cannot be said that defendants found guilty by a jury are 'penalized' for exercising the right to a jury trial any more than defendants who plead guilty are penalized because they give up the chance of acquittal at trial. In each instance, the defendant faces a multitude of possible outcomes and freely makes his choice. Equal protection does not free those who made a bad assessment of risks or a bad choice from the consequences of their decision." Corbitt v. New Jersey, 439 U. S. 212, 226, supra. Here the underlying reason for the probated sentence — appellants' guilty pleas — was eliminated when, after sentencing, those pleas were withdrawn and appellants elected to exercise their constitutional right to trial by jury. The Supreme Court has "unequivocally recognize[d] the constitutional propriety of extending leniency in exchange for a plea of guilty and of not extending leniency to those who have not demonstrated those attributes on which leniency is based." Corbitt, 439 U. S. 212, 224, supra. If we were to accept appellants' argument, those charged with crimes would plead guilty in the hopes of receiving a lenient sentence and, if the sentence imposed after the plea is not, in their opinion, lenient enough, they could then withdraw their pleas and proceed to trial where, if found guilty by a jury, the original more lenient sentence would mark the outside limit of permissible punishment. We can envision no beneficial effect on the administration of the

criminal justice system resulting from an interpretation of Pearce whereby those accused of crimes who receive less harsh sentences engendered by pleas of guilty can thus establish the maximum punishment to be imposed and then withdraw those pleas and force the state to trial having nothing to lose. Therefore, based upon Corbitt, we find no violation of Pearce in the trial judge's decision to impose non-probated sentences in the instant cases.

*Judgments affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 14, 1980 — DECIDED APRIL 30, 1980 — REHEARING DENIED MAY 21, 1980 —

*Alan C. Manheim, John A. Nuckolls,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.