### HEGWOOD *v.* THE STATE.

FISH, C. J. 1. It is only where a case is solely dependent upon circumstantial evidence that the court is required to instruct the jury as to the law of such evidence. Accordingly, where the charge in the indictment is supported by both circumstantial and direct evidence, it is not error for the court to omit to give in charge the law of circumstantial evidence. *Nobles* v. *State*, 127 *Ga.* 212 (5), 213 (56 S. E. 125).

2. Where, in a case dependent upon both positive and circumstantial evidence, the court gave in charge Penal Code § 1013, that, "Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the testimony points may be false, but whether there be sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt," such instruction was not erroneous because the court, in the absence of a request, failed to define to the jury the meaning of positive and circumstantial evidence.

3. After giving the jury the definition of voluntary manslaughter as contained in the Penal Code, the court gave the following charge: " So you will observe that if the deceased . . made an actual assault upon the defendant, or if the deceased attempted to commit a serious personal injury upon the defendant, or if there were other equivalent circumstances to justify the excitement of passion, the grade of the homicide, if there was a homicide, may be reduced to voluntary manslaughter." It was not cause for a new trial that the word " may " instead of " should " was used in the concluding paragraph of this charge.

4. The other assignments of error upon the charge of the court are so clearly without merit as not to require further consideration.

5. The verdict was supported by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*
JUNE 12, 1912.

Indictment for murder. Before Judge Jones. Habersham superior court. April 13, 1912.

*J. J. Kimsey* and *Sam Kimzey,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *Robert McMillan, solicitor-general,* contra.