44617, 44618. HARRIS v. THE STATE (two cases).

PANNELL, Judge. The defendant was tried, convicted and sentenced in two cases on indictments charging him with burglary in the same location on separate occasions and stealing and carrying away differing items on each occasion. His motions for new trial complaining of the overruling of the motion to suppress evidence, and other matters, were overruled by the trial judge and he appealed in each case. *Held:*

1. The motion to suppress depended upon whether the defendant had been properly and timely advised as to his constitutional rights, and as to this the evidence on the motion was in direct conflict, and the trial judge as the trior of facts was authorized to overrule the motion to suppress the evidence; further, none of the evidence sought to be suppressed was introduced in evidence in case No. 44618.

2. Counsel for the State when propounding voir dire questions under *Code* § 59-705, as amended by the Act approved February 19, 1951 (Ga. L. 1951, pp. 214, 216; *Code Ann.* § 59-705), asked a prospective juror whether he believed "that a person had the right for peaceful enjoyment of his property

without the intervention from the outside of other persons." The asking of such a question was not equivalent or tantamount to pointing a finger at the defendant and saying that the defendant was the guilty one, and affords no grounds for a mistrial.

3. Counsel for the defendant objected to action of the prosecuting attorney in shaking a finger at one of the defendant's witnesses. The trial court overruled the objection. No valid reason is given as to why this action of the trial judge was harmful, if error. Nothing in the record indicates that when the prosecuting attorney was shaking his finger at the witness, that he was close to the witness, or that his manner of speech or demeanor was in any way intimidating or objectionable.

4. The following argument purportedly covers several enumerations of error not already ruled upon: "It is respectfully submitted that defendant was not advised of his legal rights until approximately 12:30 or 1:30 p.m. on October 3rd, 1968, after defendant had been in custody for approximately seven (7) hours; during which time he was interrogated and carried to Atlanta, and back again to Henry County, Georgia. It is further undisputed that on October 3rd, 1968, the day of said arrest, the defendant never at any time had the benefit of legal counsel, and during all of the interrogations and searching of his home the defendant did not have benefit of legal counsel. It is respectfully submitted that all of the proceedings, interrogations and illegal search and obtaining evidence on October 3, 1968, by Sheriff Cook and his officers was illegal and violated all of the defendant's rights."

There being no compliance with Rules 17 (a) (1), 17 (c) (3) (A), and 17 (c) (3) (B) of this court (111 Ga. App. 891) requiring references to the record and transcript, the enumerations of error covered by this argument will be considered as abandoned. *Holland v. Watson,* 118 Ga. App. 468 (3) (164 SE2d 343). We might add that the evidence on the motion to suppress and the evidence on the trial of the case was amply sufficient for the trial judge to find that the defendant was fully advised of all of his rights prior to any interrogation, prior to the trip to his home in Atlanta, and that his failure to have counsel on these occasions was not due to a lack of compliance with the rules relating to advising persons in custody of their legal rights.

5. The evidence was sufficient to authorize the verdicts, and no

error appearing in the overruling of the motions for new trial or in any other enumerations of error, the judgments in both cases are affirmed.

*Judgments affirmed. Felton, C. J., and Quillian, J., concur.*

Submitted July 7, 1969—Decided September 3, 1969—
Rehearing denied September 23, 1969.

*E. B. Shaw*, for appellant.
*Edward E. McGarity, District Attorney*, for appellee.