## 45167. RYDER v. THE STATE.

Evans, Judge. The defendant was indicted, tried and convicted of involuntary manslaughter with an automobile while engaged in the unlawful acts of speeding, driving on the wrong side of the road, and driving while intoxicated. He was sentenced to three years' confinement in the State Penal System. The appeal is from the judgment of conviction and sentence after motion for new trial was filed and denied. Error is enumerated on (1) the insufficiency of the evidence to support the verdict; (2) the failure of the court to charge without request *Code* § 38-109, where the conviction is based on circumstantial evidence alone; and (3) the failure to charge the applicable principle of law without request, found in *Code* § 26-1010 as to the punishment for involuntary manslaughter, both in the commission of an unlawful act, and in the commission or performance of a lawful act where there has not been observed necessary discretion and precaution which shall be punished as for a misdemeanor. *Held:*

1. It is never error to fail to charge on circumstantial evidence absent a request in writing therefor, where there is direct evidence sufficient to support the verdict of the jury. *Nobles v. State*, 127 Ga. 212 (5) (56 SE 125); *Hegwood v. State*, 138 Ga. 274 (75 SE 138); *Bowen v. State*, 181 Ga. 427 (4) (182 SE 510); *Green v. State*, 210 Ga. 745 (2) (82 SE2d 703).

2. In this case the defendant admitted he was driving the car which was involved in the fatal collision. He was in a state

of intoxication or semi-intoxication which he contends resulted from his drinking intoxicants after the collision, and which may have been the truth of this phase of the matter. Deputy Sheriff Walter Porter testified that he was on patrol duty after midnight on this particular occasion, with a member of the State Highway Patrol, and that the GTO Pontiac automobile of defendant left a drive-in in the town of McCaysville at a considerable rate of speed and the patrol car gave pursuit. They attained the speed of 75 mph but the front car kept gaining; they attained the speed of 115 mph and when they saw they were not going to overtake the Pontiac, they decided to "back off" which meant slow down. This witness testified as follows: "Q. Well, from the time you first saw this Pontiac spurting out of the driveway into the highway at the restaurant, until you came upon the scene, how many times did you lose sight of the automobile? A. We didin't lose sight of it, at all, that I recall, only just a few seconds when it went around the Volkswagen and we hesitated until we could get around it. Q. You mean you kept the car in your sight all the time, from the time you saw him? A. Yes, sir. Q. And it never did get out of your sight? A. No sir. Q. Well, I misunderstood your whole line of testimony a minute ago. A. No, sir. Q. You stayed right behind this car all the way up to the crest of the hill? A. We wasn't right behind it, no, sir. Q. I mean you stayed where you could see it. A. Yes, sir. Q. And you never lost sight of it. A. No, sir." The distance from the place where the Pontiac turned into the highway and where the pursuit began by the officers' car to the point of impact was approximately two miles. In fairness, let it be said that other portions of the testimony of this witness could have been construed as meaning the front vehicle was lost to his sight temporarily, but it was within the province of the jury to determine which version of the testimony to believe, if indeed there was such contradiction. See *Code Ch.* 38-18; *Wallis v. Watson*, 184 Ga. 38, 41 (190 SE 360); *Rowe v. State*, 68 Ga. App. 161 (2) (22 SE2d 210); *Gulf Life Ins. Co. v. Moore*, 90 Ga. App. 791 (5) (84 SE2d 696). From this statement of facts it appears there is ample direct evidence to support the jury's verdict of guilty without resort to circumstantial evidence.

3. Attention is also called to the rule that in every case where a verdict has been rendered by a jury and has received the approval of the trial court, the evidence given in support thereof must be construed most strongly toward the prevailing party in the trial court, that is, most strongly in favor of supporting the verdict. It must be construed "in its most favorable light to the prevailing party . . . for every presumption and inference is in favor of the verdict." *Wren v. State*, 57 Ga. App. 641, 644 (196 SE 146); *Southern R. Co. v. Brock*, 132 Ga. 858, 862 (64 SE 1083); *Stapleton v. Amerson*, 96 Ga. App. 471 (5) (100 SE2d 628); *Young Men's Christian Assn. v. Bailey*, 112 Ga. App. 684, 690 (146 SE2d 324).

4. While it is the duty of the trial court to charge the contentions of the parties where supported by evidence, and it is not improper in a criminal case to charge the contentions of the defendant without request, it is not required when the same are supported only by the defendant's statement *Bagley v. State*, 212 Ga. 206, 207 (91 SE2d 506); *Wilson v. State*, 215 Ga. 672 (5) (113 SE2d 95). The only possible contention that the defendant was in the commission of a lawful act "where there has not been observed necessary discretion and caution" was in the defendant's unsworn statement, and the court was not required to charge the substance of *Code* § 26-1010 in regard to involuntary manslaughter occurring in the commission or performance of a lawful act without necessary discretion and caution where the punishment would be as for a misdemeanor, there being no written request therefor. The error enumerated on the failure of the court to charge this portion of *Code* § 26-1010 is not meritorious.

5. The evidence was sufficient to support the verdict, and the general grounds are not meritorious.

*Judgment affirmed. Hall, P. J., concurs. Deen, J., concurs in the judgment only.*

SUBMITTED APRIL 13, 1970—DECIDED MAY 25, 1970.

*Cecil G. Hartness, Robert K. Ballew*, for appellant.

*C. B. Holcomb, District Attorney, Herman J. Spence, Bobby C. Milam*, for appellee.