### 26142. LYON v. LYON.

FELTON, Justice. In this action brought by the father of a minor child against his former wife to obtain custody of the child, the applicant had the burden of showing that the former wife, to whom custody was originally awarded, is no longer able or suited to retain custody or that the conditions and circumstances surrounding the child have so changed that the welfare of the child would be enhanced by modifying the original judgment. *Bowen v. Bowen,* 223 Ga. 800 (2) (158 SE2d 233); *Beckman v. Beckman,* 225 Ga. 693, 694 (171 SE2d 135). "In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, 'the trial judge is vested with a discretion which will not be controlled by this court unless it is abused. . . When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding when there is any evidence to support it.' [citation]" *Beckman v. Beckman,* supra, p. 695.

The evidence adduced at the hearing with regard to the former wife's fitness to retain custody was circumstantial and conflicting in many particulars and did not demand, though it may have authorized, a finding of unfitness. Additionally, there was evidence from which it could be found that the applicant was, by his own admission, in need of psychiatric treatment, that he had made threats on his former wife's life and, hence, that he was no more fit to have custody than she.

Therefore, the trial court did not err in its judgment refusing to modify the former judgment with respect to custody and visitation rights.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1970—DECIDED NOVEMBER 5, 1970.

*Mackay & Elliott, Thomas W. Elliott,* for appellant.
*George H. Carley,* for appellee.