48196. BROOKS v. THE STATE.
48234. WOLLARD v. THE STATE.

Stolz, Judge. These appeals from the judgment of conviction of burglary, raise the issue of whether the trial judge erred in refusing to suppress as evidence stolen items seized from the defendants' hotel room without a warrant. *Held:*

1. The evidence showed that the police officers were summoned to the hotel by its employees to investigate the defendants after the latter had been discovered using aliases in their registrations for two different rooms for their joint occupancy on succeeding nights; they had been observed going from and returning to their room very frequently and late at night; some pistols on top of the dresser in their room had been observed from the doorway by the hotel bellman; and the defendants had been seen throwing new, expensive women's garments from their room out into the hallway immediately after the bellman had observed the pistols. The above was sufficient to authorize an investigation by the police.

2. The evidence was conflicting as to whether the police officers used a key to gain entry to the room or whether defendant Brooks voluntarily opened the door in response to the officer's knock. The trial judge, as the finder of fact on the motion to suppress, was authorized to resolve the conflicts in the testimony and find that the door was voluntarily opened. Code Ann. § 27-313 (b) (Ga. L. 1966, pp. 567, 571); *Williams v. State,* 119 Ga. App. 557 (167 SE2d 756); *Harris v. State,* 120 Ga. App. 359 (1) (170 SE2d 743). Whether or not the police officers identified themselves as such prior to the opening of the door (defendant Brooks testified that they *did*), is immaterial. "The provisions of Code Ann. § 27-308

are not applicable, for the reason that the entry into the apartment in which the defendant was arrested was not in the execution of a search warrant, since none was obtained." *Bridges v. State,* 227 Ga. 24 (4) (178 SE2d 861). Furthermore, " '[A]fter verdict, in passing upon the motion for a new trial, that view of the evidence which is most unfavorable to the . . . (movant) must be taken, for every presumption and every inference is in favor of the verdict. [Cits.]' *Beecher v. Farley,* 104 Ga. App. 785, 786 (123 SE2d 184)." *Stewart v. State,* 128 Ga. App. 11, 13 (195 SE2d 251).

3. " 'A police officer is free to use and seize what he sees in plain sight if he is at a place where he is entitled to be. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726); Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067).' *Lewis v. State,* 126 Ga. App. 123, 126 (190 SE2d 123); Warden v. Hayden, 387 U. S. 294 (87 SC 1642, 18 LE2d 782)." *Green v. State,* 127 Ga. App. 713, 715 (194 SE2d 678).

The police officers, while rightfully standing before the open doorway of the hotel room for purposes of investigation, observed within the room in plain view a bag of suspected marijuana, whereupon they arrested defendant Brooks (the sole occupant of the room at that time) at the doorway for violation of the Georgia Drug Abuse Control Act. When they entered the room for the purpose of seizing the suspected marijuana, they observed and seized an open bag (also in plain sight) containing coins, which were later determined to have been stolen. Defendant Wollard was arrested on the same charge and for false registration in the hotel (Code Ann. § 52-308; Ga. L. 1945, pp. 326, 328), when he returned to the room shortly thereafter.

Under Code § 27-207 an officer may arrest without a warrant where the offense is committed in his presence or where there is likely to be a failure of justice for want of an officer to issue a warrant. Possession of marijuana is such an offense. Code Ann. § 79A-903 (b) 5 (Ga. L. 1967, pp. 296, 344; 1970, pp. 470, 471); Code Ann. § 79A-907 (Ga. L. 1967, pp. 296, 349). Hence, defendant Brooks was lawfully arrested under one or both grounds of § 27-207 when the suspected marijuana was observed in his room. After the lawful arrest was effected, the police officers were authorized to reasonably search the area within the defendant's immediate presence for the purposes of seizing the fruits of the crime for which the defendant had been arrested and discovering or seizing any stolen property. Code Ann. § 27-301 (c), (d) (Ga. L. 1966, p. 567). Hence, the stolen coins (the subject of the motion

to suppress) were properly seized under the provisions of Code Ann. § 27-301 (d) and the authorities cited in *Green v. State,* 127 Ga. App. 713, supra. Furthermore, even if the officers had only a suspicion that the property was stolen based upon the surrounding circumstances, they were authorized to exercise protective custody over it to safeguard it as the property of one or both of the defendants.

Nor is the result changed when on the motion to suppress and at the trial the suspected marijuana is not specifically identified as such. Here, the investigating officer testified that he had worked a special foot patrol for eight to nine months; that he had made approximately fifty arrests for violation of Georgia Drug Abuse Control Act; and that he was familiar with the appearance of marijuana. The circumstances of the case, together with the open appearance of the suspected marijuana, was sufficient to authorize entry into the hotel room and its subsequent search.

Therefore, the trial judge did not err in overruling the motion to suppress, entering judgment on the verdict, and overruling the motions for a new trial as amended.

*Judgments affirmed. Eberhardt, P. J., and Pannell, J., concur.*

Submitted May 4 and June 1, 1973 — Decided June 20, 1973 — Rehearing denied July 18, 1973 — 

*Glenn Zell,* for appellants.

*Lewis R. Slaton, District Attorney, Dennis S. Mackin, Morris H. Rosenberg, James H. Mobley, Jr.,* for appellee.