## 48466. GUARDIAN OF GEORGIA, INC. v. GRANITE EQUIPMENT LEASING CORPORATION.

CLARK, Judge. Granite Equipment Leasing Corp. sued Guardian of Georgia, Inc. for a balance of rentals owing under a lease contract for an item described as a "melab attache telephone." Defendant denied owing any amount. The case was tried before a judge without a jury. After judgment was rendered for plaintiff, defendant has taken this appeal. There are nine enumerations of error of which six deal with evidence being admitted over objection.

1. Enumerations 1 and 2 are general in nature. The first contends plaintiff failed to carry the burden of proof and the second alleges there is no competent evidence to support the verdict. Our examination of the transcript of evidence shows there is no merit to either of these assignments of error.

The lease contract constituting the basis of plaintiff's action was properly introduced into evidence as a business record under the testimony of plaintiff's accounts receivable manager in his capacity as custodian of the records of his company. He described from personal knowledge the manner in which he had set up the figures constituting the account from the original amount stated in the lease, the deduction therefrom of the monthly payments made to his company by defendant, and the balance then remaining owed. Although defendant's president denied having signed the lease document he equivocated with reference to the signature thereon as resembling his own: "It appears to be my signature, but I — I am saying it is not, because I did not sign this document." (T. 5). He maintained this position throughout the trial even after providing samples of his signature which appeared to be the same as that on the document. In his

testimony he acknowledged making an agreement for a melab attache phone "with a company called Chastain Corporation to rent that unit on the basis — predicated on the basis he rent a burglar alarm system from us . . ." (T. 4). The name of the Chastain Corporation is on the document which he denied having signed. He also admitted making twelve monthly payments to plaintiff totaling $741.65. Of these the first was for $114.10 and the remaining were each in the amount of $57.05. (R. 31). These payments were in the amounts prescribed in the contract.

Defendant's principal assertion was that he had not signed the document on which plaintiff's action was based. His testimony generally was "it appears like my signature, but again I state I did not sign it" (T. 5), and "This again appears to be my signature, and I cannot say for sure" (T. 6), and "I did not say I denied that was my signature. I denied I signed that document." (T. 25). Additionally, he acknowledged: "I was making the payments on a melab attache telephone that I was utilizing through an agreement with Chastain Corporation, 220 Atlanta Avenue, S. E., Atlanta, Georgia." (T. 6). It should be noted the document which defendant's president denied signing stated the Chastain firm and involved a melab attache telephone.

The trial judge sitting as sole trior of fact entered judgment for plaintiff, a portion reading as follows: "[T]he Court finds as a matter of fact that the signature on the lease is genuine and that the lease is valid and binding." (R. 34).

"Where a trial judge hears a case without the intervention of a jury, the credibility of the witnesses is for his determination. [Cits.]" *Simmons v. State,* 111 Ga. App. 553, 554 (1) (142 SE2d 308). In such situation the question of the weight of the evidence is for the trial court and this court is limited to the question of the sufficiency of the evidence. *Kilgore v. National Life &c. Ins. Co.,* 110 Ga. App. 280 (4) (138 SE2d 397). When the trial judge is the trior of an issue of fact the appellate courts will not interfere with his finding when there is any evidence to support it. *Lyon v. Lyon,* 226 Ga. 879 (178 SE2d 195).

2. The third enumeration of error is based on the following question and answer: "Q. Mr. McGonigle, I show you a document marked P-1, and I ask you what is that document? A. This is a lease agreement between —" (T. 10). The objection was that the proper foundation had not been established. The court was correct in overruling this objection. A proper foundation had been created by the witness having establishing he was accounts receivable

manager for the plaintiff's concern, custodian of the records, and in that position was personally familiar with the records of the company for this account.

3. The fourth enumeration of error deals with a continuation of the previous objection when the witness answered "This is a lease agreement between Guardian of Georgia, doing business as Guardian Alarm System and Granite Equipment Leasing —" (T. 11). The objection was to "his conclusion that it's a lease agreement." Before the question was answered, counsel asked "What is the title of that document?" To this the witness answered "This is a lease agreement or lease contract." (T. 11). Defendant's counsel then asked for a ruling on his objection to which the court pointed out "He says that's the title." (T. 11). The document itself recited that it was a "lease." Therefore there is no merit in this enumeration of error as the document spoke for itself.

4. We deal jointly with assignments of error five and six because both of them deal with the same question although stated with a minor variation when it was again asked. The fifth enumeration dealt with the court's ruling to the question, "What is the total amount of the payments due under that contract?" (T. 12). Defendant's objection was "on the ground that the question itself calls for information which is irrelevant and immaterial, and the way the question is couched could be prejudicial, whether or not there is a balance due on a lease between Guardian and his client, and there has been no lease, as such, established at this point." (T. 12). The objection was overruled and then upon the question being repeated (T. 13) the defendant stated "I know I have objected but the question was worded a little differently, but I'm objecting on the ground it's assuming a fact that has not yet been proved." (T. 13). The court's ruling was "It will have to be tied up, but overruled," which is the basis for the sixth enumeration of error. As the court was sitting as a fact finder without a jury it would, in rendering its judgment, determine whether the document (P-1) was in fact a lease contract. As the witness was the custodian of the plaintiff's business records including this particular document and had previously testified as to his personal familiarity with the document and the account that was set up from the details contained in this business record the court's rulings were correct. Code Ann. § 38-711 (Ga. L. 1952, p. 177). See also Ga. L. 1958, pp. 542, 543 for declaration of legislative intent for a liberal

interpretation. See also Green, Ga. Law of Evidence, Ch. XX.

Additionally, it should be noted the document stated the details as to the first payment being $114.10 with remaining monthly rental payments of $57.05 and defendant corporation had by its answer number three to plaintiff's interrogatories itemized by date, check number, and amounts the twelve payments made by defendant for an admitted total of $741.65. (R. 31). In his oral testimony defendant acknowledged he had paid plaintiff the sum of "in the neighborhood of $740." Thus, the testimony as to the payments could not be harmful to the plaintiff's case. Even if at that point in time the contract had not been admitted into evidence it subsequently became a part of the record so that the direction of the court that "it will have to be tied up" was satisfied.

5. The seventh enumeration attacks the court's ruling in permitting the plaintiff's accounts receivable manager to answer the question "Who is the lessee?" The objection argued that the witness was "giving a conclusion based on his knowledge of the record." (T. 14-15). Since the document itself designated defendant as lessee there was no error in the court's ruling.

6. The eighth enumeration again attacks the ruling by the court in admitting exhibit P-1 over objection which at this point was urged on the ground that "no proof being offered to establish its credibility." As the document was a business record in the custody of the plaintiff's witness in his capacity as accounts receivable manager and with his having testified as to his personal familiarity with the details of the defendant's account there was no error.

7. Appropriate to this case in which the appellant has argued evidentiary errors is the language of our court in *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380, 382 (181 SE2d 75): "We also point out that since this case was tried without a jury, the trial judge has a much broader discretion in the admission of evidence since it is presumed that in his consideration of the evidence he sifted the wheat from the chaff and selected the legal testimony. Thus, his judgment will not be reversed where there is any legal evidence to support the finding. [Cits.] "

8. The final enumeration of error avers "The court erred in overruling the motion for directed verdict made by defendant." Our ruling in Division 1 of this opinion disposes of this adversely to appellant.

9. Because many briefs filed in our court continue to cite cases

holding refusal to direct a verdict is not reversible error we deem it proper to observe that these cases are no longer binding because of changes made by the Appellate Practice Act of 1965 and the Civil Practice Act of 1966. The specific portions we refer to appear in the Annotated Code as § 6-702 (b) and as § 81A-150 (e). These sections empower the appellate courts to pass upon the correctness of a denial of a motion for directed verdict. This applies also to criminal cases as shown in the recent ruling by the Supreme Court in *Merino v. State,* 230 Ga. 604 (198 SE2d 311) holding that it is now permissible to enumerate as error a refusal to direct a verdict of acquittal.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 13, 1973 — DECIDED JANUARY 7, 1974.

*Thomas H. Antonion,* for appellant.

*Cobb, Blandford & Werbin, John L. Blandford,* for appellee.