## 48688. NOVAK v. THE STATE.
## 48689. ROBINSON v. THE STATE.

PANNELL, Judge. Novak and Robinson were charged, tried and convicted of unlawful possession of Lysergic Acid Diethylamide, commonly known as LSD. They appealed to this court enumerating as error the overruling of motions to suppress certain evidence seized by the officers prior to and after the arrest, and other alleged actions of the trial judge. *Held:*

1. Because of information received, four of the Detectives of the Columbus, Georgia Vice Squad, at approximately 8:05 p.m. on November 14, 1972, were conducting a binocular surveillance of a house trailer situated on Lot 2, Country Club Trailer Park, from an unmarked Police car parked across the road from the trailer. The defendant Novak was seen to drive up to the trailer in a Thunderbird automobile, go into the trailer, return to the automobile after a few moments, take a vial from the dash area of the automobile and return to the trailer. After returning to the trailer, defendant Novak handed the vial to the defendant Robinson who examined it. From the binoculars, it was seen that the vial was from or had a "Martin Army" sticker on it and contained dark pills. Robinson handed some money to Novak after he had poured some of the contents of the vial in his hand and examined it. Robinson then took the vial outside to a four-foot block retainer wall and placed it in a hole in one of the blocks, which was on the property of an adjoining landowner. One of the officers then left the surveillance point and walked around on to the premises of another person and reached through a hole in a high redwood fence, located flush with the concrete wall and parallel to it and removed the vial from the concrete block. An examination of the vial indicated that it was

probably LSD. The officers then proceeded to the trailer, arrested Robinson inside the trailer, and arrested Novak some distance down the trailer park drive and searched Novak's automobile and found a vial containing a quantity of tablets in the glove compartment. They did not search the house trailer or the defendant Robinson.

Code § 27-207 provides: "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." The words "in his presence" in this section and "within his immediate knowledge" in § 27-211 are synonymous. *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672 (4) (72 SE 51). An offense is committed in the presence of an officer when senses of the officer gave him knowledge the offense is being committed. *Ramsey v. State,* 92 Ga. 92 Ga. 53, 63 (17 SE 613); *Howell v. State,* 162 Ga. 14, 16 (134 SE 59). Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been or is being committed. Brinegar v. United States, 338 U. S. 160 (69 SC 1302, 93 LE 1879). The original search of the concrete block wall was one of which neither of the defendants can complain, that search having been made upon the property of another in which neither of the defendants had or owned any interest, nor upon which they, at the time, were guests of the owner or occupier. That Robinson had, without objection, put cans of beer in the concrete block wall would not bring him within the status of a guest upon or occupier of the wall. After discovering the vial containing a substance resembling LSD, the officers had reasonable grounds to believe that an offense had been committed in their presence and, therefore, were authorized to make the arrest and the subsequent search of the automobile. The contraband thus searched for was not illegally searched for or seized. See *Johnson v. State,* 126 Ga. App. 93 (189 SE2d 900); *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286). There was no error in overruling the motion to suppress.

2. The evidence offered was amply identified as the items seized. The chain of custody from seizure to trial was properly shown. There was no error in overruling the objections to the admission of the evidence on these grounds.

3. At the close of the testimony of the police officer who originally had custody of the seized items and who had testified he turned them over to a detective named Wall sometime in December, the following occurred: "Attorney for defendants: That's all, your Honor. The Court: Any further questions for Detective Copeland? Attorney for state: No, Sir. The Court: Just a moment, Sergeant Copeland. Sergeant Copeland, during the month of December, who did you turn over these vials to, did you say? The witness: Detective Wall. The Court: During the month of December, did you turn over any vials similar to these, other than these, to Detective Wall? The Witness: No, Sir. The Court: All right. Attorney for defendant: If it please Your Honor, we would respectfully object to Your Honor's taking a part in the prosecution of this case and ask — The Court: Mr. Swearingen, I'm not taking part. I don't want to delay the trial by having to call this witness back later." This was an obvious attempt by the court to clarify an area in the evidence and did not import or imply any approval of the state's case or disapproval of the defendant's, either as a whole or in the area being investigated. There is no harmful prejudice to defendants shown by this action.

Other actions of the trial judge are similarly enumerated as error, but an examination of the citations to the transcript does not disclose any such objections made to these actions. Mostly they show merely actions of the trial judge properly overruling other objections. Other enumerations are also not supported by the record or show no objections made on the grounds claimed. Enumerations not supported by the record will not be considered.

4. The jury was instructed on the sentencing of the defendants and retired to the jury room for deliberations at 6:49 p.m. At 7:20 p.m. the court requested the jury to return to the courtroom, at which time the following occurred: "The Court: Mr. Foreman, ladies and gentlemen, I assume you've not yet been able to reach a verdict. Do you feel it's possible to reach a verdict anytime — You've been out, I believe, about thirty-three minutes. What is your opinion? The foreman: Your Honor, would you allow us about ten more minutes, please sir? The Court: All right. The foreman: if we can't reach a verdict by then, we'll let you know. The Court: All right. Let me know if you can't." The jury returned to the jury room at 7:22 p.m. and returned to the courtroom at 7:27 p.m., at which time the following occurred: "The Court: Ladies and gentlemen, the Bailiff informs me that you feel that you cannot reach a verdict on punishment. The foreman: That's correct,

Your Honor." Whereupon, the trial judge dismissed the jury and the next day sentenced each of the defendants to four years in the penitentiary. The jury having reported within half the time requested by it that it could not agree upon a sentence, the trial court did not err in imposing sentence in lieu of the jury.

5. The evidence was sufficient to authorize the verdicts rendered. *Judgments affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 9, 1973 — DECIDED JANUARY 8, 1974 — REHEARING DENIED FEBRUARY 6, 1974—

*Grogan, Jones & Layfield, Richard A. Childs,* for appellants.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen,* for appellee.