## 28324. FOWLER v. FOWLER.

INGRAM, Justice. This appeal challenges the correctness of rulings made by the trial court on a complaint seeking a modification of the child visitation provisions contained in an agreement which was incorporated in a final divorce decree.

Motions by the appellant-mother directed to the sufficiency of the pleadings were denied and, after an evidentiary hearing on the merits of the complaint, the trial court issued an order formally modifying the original visitation provisions.

Appellant appeals from the trial court's modification order and also enumerates as error the failure of the trial court to enter judgment in her favor on the pleadings and on the sufficiency of the evidence.

Appellant acknowledges the rulings applicable in cases of this character, that the trial judge is vested with a wide discretion in determining whether or not there has been a material change in circumstances substantially affecting the welfare of the child, but argues forcefully that neither the complaint nor the evidence is legally sufficient in this case. The complaint alleges that such a material change has occurred since the final decree and seeks an order modifying the original visitation provisions of the decree.

The complaint need not allege in detail the facts relied on by the complainant as constituting a material change in order to state a claim for relief. A brief, plain statement of the claim, for which relief is sought, coupled with a demand for such relief, is sufficient under the Civil Practice Act. Code Ann. § 81 A-108 (a). The complaint filed in this case by the appellee-father was adequate to give the defendant notice of the claim by which relief was sought.

We have studied the record of the evidence considered by the trial court. It does not make a strong case for modification and the trial court might have reached a different result under it. We

conclude the evidence does not demand a finding either granting or denying the modification. In our judgment, it simply authorizes the conclusion reached by the trial court in the exercise of its sound judicial discretion "in the interest of and for the well-being of the child."

The trial court's determination that it would be in the best interest of the child to modify the visitation privileges was based upon its finding that: (1) reasonable access to the child had not been afforded to the appellee as contemplated, but not specifically provided for, in the divorce decree; (2) that appellant's full-time employment which had occurred since rendition of the final decree had caused a limitation of the appellee's time with the child and required the child to remain under nursery care when the appellee might otherwise see the child; and, (3) "that there has existed an unreasonable withholding of additional opportunities than those specifically provided for in the agreement for visitation by the plaintiff with his child." The trial court found these opportunities for additional visitation by the father had been intended by the parties in the original agreement, as made a part of the final decree, but had not been afforded because of the change of circumstances noted above and determined that the welfare of the child required a modification of the original visitation provisions.

We are neither authorized nor inclined to substitute our judgment on the evidence for the judgment of the trial court unless the record discloses absolutely no evidence in support of the finding by the trial court. In those rare instances where the record contains no evidence to support the decision of the trial court, we conclude there was an abuse of discretion. But, this is not the case here. Experience has taught that the trial courts of this state are in a far better position to rule wisely in these matters with the parties and child before the court than we can do on appeal with only a written record before us. See *Beckman v. Beckman,* 225 Ga. 693 (171 SE2d 135), and *Tyree v. Jackson,* 226 Ga. 690 (177 SE2d 160).

We find no abuse of discretion or other error by the trial court in its rulings in this case, and, therefore, affirm on this appeal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1973 — DECIDED JANUARY 9, 1974.

*Stack, O'Brien & Neely, Donald E. O'Brien, David J. Keeler,* for appellant.

*Westmoreland, Hall & Bryan, James Crawford,* for appellee.