## 49403. VULCAN MATERIALS, INC. v. HALL et al.

STOLZ, Judge.

Vulcan Materials, Inc., filed an affidavit and bond for garnishment on Messrs. Hall and Hurd, which was served August 15 and 16, 1972, based on a January 27, 1972, default judgment against Billy Cochran d/b/a Gordon Paving Co. (C & S Paving Co.). The garnishees answered not indebted on September 29, 1972. Following a traverse, the garnishees filed an amended answer and paid into the registry of the court $1,985.15, the balance alleged to be due to Northwest Georgia Paving Co., Inc., a supplier for materials used to improve the garnishees' property under a contract with Cochran. The trial judge allowed the intervention of the said materialman, and, with consent of all parties, acted as trior of fact and subsequently entered a judgment awarding the sum in the registry of the court (which he found to be only $1,931.87) to the intervenor in satisfaction of its materialman's lien for $2,000 filed on September 29, 1972, from which judgment the plaintiff garnishor appeals.

The evidence, construed in favor of the judgment, was that Hall and Hurd Developers contracted in January 1972 with Messrs. Wright and Cochran, d/b/a Gordon Paving Co., for a paving project at a price of $10,000; that Vulcan's default judgment was on a debt totally unrelated to the subject-matter of this action; that in April 1972 Hall and Hurd paid Wright and Cochran $3,000, which was not used to pay the materialman-intervenor; that on August 9, 1972, by agreement with the said materialman in order to assure it of payment for materials needed for the job, Hall and Hurd paid $4,896 jointly to the materialman and the contractors, Wright and Cochran, leaving a balance of $1,931.87 due on the $6,827.87 account with the materialman; and that the contracted work was never completely finished. *Held:*

The trial judge properly based his judgment on the case of *Carter v. Sherwood Plaza,* 118 Ga. App. 612 (164 SE2d 867), in which this court held, on p. 615, that where, as here, the plaintiff's judgment against the defendant

arose from an unrelated transaction, the only question the plaintiff is entitled to pose is whether or not the owner was indebted to the contractor at the time of the garnishment. The rule has been stated another way: "a creditor cannot reach by garnishment any assets which his debtor could not recover from the garnishee." *American Express Co. v. Bomar Shoe Co.,* 125 Ga. App. 408, 410 (187 SE2d 922) and cits.

"When the trial judge is the trior of an issue of fact the appellate courts will not interfere with his finding when there is any evidence to support it. *Lyon v. Lyon,* 226 Ga. 879 (178 SE2d 195)." *Guardian of Ga., Inc. v. Granite Equip. Leasing Corp.,* 130 Ga. App. 514, 515 (203 SE2d 733). There was evidence to support the finding that the owners-garnishees (Hall and Hurd) were not indebted to the defendant in fi. fa. (contractor Cochran) at the time of the garnishment because (1) the owners had already paid the contractor $3,000 of the $10,000 contract price, which was not used to pay the materialman; (2) the $4,896 which the owners paid to the materialman and the defendant contractor jointly prior to the service of the summons of garnishment, was in fact payment for materials used in the construction for which the garnishees had pledged their personal credit as an inducement for further credit deliveries to the contractor; (3) of the balance of $2,104 of the $10,000 contract price, $1,931.87 was owed to the materialman, leaving a balance of only $172.13; (4) the contracted work was not completely finished, hence not entitling the contractor to the said $172.13 balance. The trial judge, therefore, properly held that the sum in the registry of the court was subject to the materialman's lien.

There are apparent discrepancies in the present record (1) between *the amount of the defendant's indebtedness,* as shown by (a) the affidavit of garnishment ($1,939.15), and (b) the judge's finding of fact ($1,985.15); and (2) between *the amount tendered into the registry of the court,* as shown by (a) the garnishees' amended answer and the copy of the check attached as an exhibit thereto ($1,985.15), and (b) the judge's finding of fact ($1,931.87). If these are in fact discrepancies, and if they have resulted in an award to the intervenor-materialman

that is in an amount different from the balance due it, this is a matter solely between the garnishees and the materialman, since it does not affirmatively appear from the record that the excess, if any, was owed to the contractor, hence subject to the plaintiff's garnishment.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED MAY 29, 1974 — DECIDED JUNE 17, 1974.

*Edge & Edge, Eugene F. Edge,* for appellant.
*Langford & Pope, R. Thomas Pope,* for appellees.