## 49416. ANDERSON v. THE STATE.

EBERHARDT, Presiding Judge.
The defendant, his wife and another couple were fishing at Lake Jackson, a property of Georgia Power Company, and on a beach adjacent thereto which may have been the property of Turtle Cove, a land development company. In any event, the beach was open to the public for fishing or other uses of the lake.

Two rangers of the Game and Fish Department were in a boat, on the lake, checking fishing licenses, equipment, etc., saw the two couples on shore, stopped their boat nearby, got out and made a check of licenses. Defendant was found to be without a license and Officer Peppin made a case against him for that. Officer Harris had seen him take something down the beach and place it under a rock about 75 feet from where the group was located, and he went to determine what it might be. He found it to be a margarine carton containing a pipe and about an ounce of marijuana, and asked defendant whether it belonged to him and defendant answered that it did, whereupon a case was made against the defendant for possession of the marijuana.

Defendant moved to suppress the marijuana, and after a hearing the motion was overruled. The court granted a certificate for appeal and this appeal followed.

It is conceded by appellant that (a) the marijuana was placed under a rock on land which he neither owned,

rented nor possessed, (b) that he had placed the marijuana under the rock, (c) that the rock was on an open beach to which the public had free access. *Held:*

1. An open beach, like an open field, has no protection against a search or seizure under the Fourth Amendment. This principle was established by Mr. Justice Holmes in Hester v. United States, 265 U. S. 57 (44 SC 445, 68 LE 898). "It seems to be generally held that the constitutional guaranties of freedom from *unreasonable search and seizure,* applicable to one's home, refer to his dwelling and other buildings within the curtilage but *do not apply* to open fields, orchards or other lands not an immediate part of the dwelling site. Machen, The Law of Search and Seizure, p. 95 (citing Hester v. United States, 265 U. S. 57 (44 SC 445, 68 LE 898)), Cornelius, Search and Seizure, 2d Ed. p. 49; 48 CJS, Intoxicating Liquors, § 394, p. 630 et seq.; 30 AmJur, Intoxicating Liquors § 528, p. 529; Anno. 74 ALR 1454, where numerous cases on this point are collected." (Emphasis supplied.) State v. Harrison, 239 N. C. 659 (80 SE2d 481).

The Fourth Amendment is primarily directed to the protection of the citizen *in his home, his person,* and his papers or effects which may be in the home or on his person. "At the very core stands the right of a man to retreat to his own home and there be free from unreasonable governmental intrusion." Silverman v. United States, 365 U. S. 505, 511 (81 SC 679, 5 LE2d 734, 97 ALR2d 1277). The protection simply does not extend to places which the amendment does not specify or include. See and compare *Novak v. State,* 130 Ga. App. 780 (204 SE2d 491), where the defendant had hidden drugs in a concrete block wall on adjoining property and we held that lack of a bench warrant did not render the seized drugs subject to a motion to suppress.

2. The question here is whether the package under the rock was within the protection because in the defendant's constructive possession. Conceding this to be the issue, it is a *factual issue* to be resolved by the trior of fact — the judge hearing the motion. *Harris v. State,* 120 Ga. App. 359 (1) (170 SE2d 743). He must determine issues of credibility, the weight and sufficiency of the

evidence, resolve conflicts and construe the evidence. *Brooks v. State,* 129 Ga. App. 393 (2) (199 SE2d 578).

"On motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it." *State v. Swift,* 232 Ga. 535 (207 SE2d 459). This rule has also been applied in Jackson v. Denno hearings by the judge on the matter of the voluntariness of confessions. *Pierce v. State,* 231 Ga. 731, 732 (204 SE2d 159).

On appeal of the denial of a motion to suppress the evidence is to be construed most favorably to the upholding of the findings and judgment made. Cotton v. United States, 371 F2d 385, 388; United States v. Sherman, 430 F2d 1402 (1), cert. den. 401 U. S. 908; *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734); *Ryder v. State,* 121 Ga. App. 796 (3) (175 SE2d 882); *Lester Colodny Const. Co. v. Allen,* 129 Ga. App. 545 (199 SE2d 917).

Consequently, we must construe the evidence, on appeal, to indicate that the defendant, anticipating that in checking for fishing licenses the officers would discover the contraband that he possessed, sought to place the marijuana *out of his possession,* and that he placed it under the rock some 75 feet away so that it would not be found on him or among his fishing equipment. Perhaps he may have intended to retrieve it later, but for the purposes of this occasion the judge was authorized to conclude that he was *relieving himself of its possession.* In that status the marijuana was neither on his property nor in his possession. It was afforded no protection against a search or seizure by the Fourth Amendment. The action of the officer in going to the rock and getting it was not a search or seizure because it was directed neither against the defendant's person nor against any of his protected property. The officer had seen the defendant go to the rock and place something under it and, since he was found to have been fishing without a license, it was within the purview of his duty to ascertain what may have been secreted. Was it some unlawful lure or device for snaring fish? Had he caught

more than the lawful limit (any number when without a license) and hidden the catch?

It cannot be said that the judgment denying the motion is wholly unsupported. "We are neither authorized nor inclined to substitute our judgment on the evidence for the judgment of the trial court." *Fowler v. Fowler,* 231 Ga. 572, 573 (203 SE2d 235). "[H]is findings based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it." *West v. West,* 228 Ga. 397, 398 (185 SE2d 763). See also *Lyon v. Lyon,* 226 Ga. 879 (178 SE2d 195); *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607); *Guardian of Ga. v. Granite Equipment Leasing Corp.,* 130 Ga. App. 514, 515 (203 SE2d 733).

*Judgment affirmed . Bell, C. J., Quillian and Webb, JJ., concur. Evans, J., concurs in the judgment. Pannell, P. J., Deen, Clark and Stolz, JJ., dissent.*

ARGUED MAY 29, 1974 — DECIDED SEPTEMBER 20, 1974 — REHEARING DENIED OCTOBER 17, 1974.

*Neil L. Heimanson,* for appellant.
*Joseph H. Briley, District Attorney, W. B. Bradley, Assistant District Attorney,* for appellee.

DEEN, Judge, dissenting.

Anderson and three others were fishing on the beach of Lake Jackson, a Turtle Cove development open to the public. Two employees of the Department of Natural Resources, Game and Fish Division, checking fishing licenses, entered the area. The defendant soon afterward picked up a margarine carton and placed it under a rock some 100 feet away. No illegal activity was observed. The unseen observer went to the rock while the defendant's back was turned, opened the carton, found about one ounce of marijuana and a pipe, reclosed it, and then took the carton to the defendant, who had not gone more than 75 feet away, and asked if it belonged to him. The defendant replied that it did. The officer then placed him under arrest. No question involving a fishing license had

arisen at this time.

An *unreasonable* search of a man's person, his house, his papers or effects without warrant is unlawful because it is an invasion of his constitutionally protected right of privacy. Neither person, nor protected curtilage, nor papers is involved here. A public beach, like open fields, is not constitutionally protected. See Hester v. United States, 265 U. S. 57, where it was held that, after officers illegally entered a home, and defendants deposited drugs in a trash can outside the house, this evidence could not be used, it being "hidden" but not "abandoned," on protected premises, but that property left in open fields would not be so protected. The same result was reached in Marullo v. United States, 328 F2d 361, 362, where the defendant confided the location of stolen goods to an informer. Acting on such information, officers went without warrant to a motel where the defendant had been staying, crawled under the cabin, which was resting on brick pillars, and retrieved stolen money order forms from one of them, and the court held: "Granted that a tenant has standing to protect the room he occupies, there is nevertheless an element of public or shared property in motel surroundings that is entirely lacking in the enjoyment of one's home." P. 363. The case followed Giacona v. United States, 257 F2d 450, where an agent, acting on information, found marijuana in cans in a paper bag hidden on foundation blocks supporting the building in which the defendant ran a grocery store. The search without warrant was upheld as reasonable because it did not extend to the inside of the store, and because it was only a foot or two "from the 'open fields' which are not within the protection of the Fourth Amendment." P. 456.

But we still have the question of whether the container constituted effects in the possession of the defendant. "The term 'seizure' implies a taking or removal of something from the possession, *actual or constructive,* of another person." (Emphasis supplied.) Molina v. State, 193 NW2d 874, 877. An excellent example of "abandonment" of constructive possession in the loose sense in which it is used in warrantless searches, is to be found in Keiningham v. United States,

307 F2d 632. There the suspect alighted from a taxicab with a briefcase, recognized the officer, and left the property on the sidewalk several feet away from him. The officer, returning, engaged the suspect in conversation, eventually asked him whether the briefcase was his and, on being assured that it was not, opened it, found contraband, and arrested him. The court upheld the search and seizure on the ground of abandonment, based on the denial of ownership. Throwing material out of a moving car has also been held to be abandonment. *Merrill v. State,* 130 Ga. App. 745 (204 SE2d 632).

Had the defendant here denied ownership of the carton, or had he left the public premises without retrieving it, I would have no hesitancy in holding the warrantless search legal on the ground of abandonment. But the actions of both the defendant and the officers clearly show neither one was acting on this premise. Only a scant moment elapsed; the defendant did not travel more than 75 feet; on being asked about the carton he promptly claimed it as his own. The officer could not tell, without opening it, whether or not it contained contraband, and under these circumstances he had no more right to open it than he would have had to open the defendant's wallet if the defendant had left it under the rock while he went for a swim.

Since the defendant did nothing to "abandon" the property (such as fleeing the area, as in United States v. Edwards, 441 F2d 749) or denying ownership, as in Keiningham, or *leaving* the articles in a semi-permanent hiding place, as in Giacona and Marullo) they were still in his constructive possession during the short interim between the deposit and the claim of ownership.

Accordingly, there was no abandonment, the defendant was in constructive possession of the box, and it was error to deny the motion to suppress.

The majority opinion is grounded on three premises: (1) that the defendant had been arrested for failure to have a fishing license; (2) that he had abandoned the closed margarine container, and (3) that the defendant might have "caught more than the lawful limit and hidden the catch," thus giving the officer authority to search for contraband on a probable cause basis. I

disagree with all three of these premises. (1) Arrest: The sequence of events is that while Peppin was checking other people on the beach, Harris retrieved the margarine container and asked the defendant if it was his, and the defendant replied that it was. Whether in fact any case was ever made against the defendant for failure to have a license is in doubt. Harris testified that he did not do so. Peppin said in part: "We did make some cases. I don't remember now. I would have to check the record to see. . . " although he believed Anderson was one of those against whom cases were made. *But this happened at a later time.*

(2) Abandonment: If I put my shirt, shoes, or wallet on a public beach and walk into the water, or walk 75 feet down the beach, I do not give the world leave to search my pockets or my purse. I may or may not have abandoned the article, true. But when, within the minute, Harris picked up the container and immediately inquired of the defendant whether it was his, and the defendant immediately answered that it was, there has obviously been no abandonment.

(3) Probable Cause: The majority opinion further urges that it was within the officer's purview of duty to ascertain what was in the covered margarine container. ("Was it some unlawful lure or device for snaring fish? Had he caught more than the lawful limit"?) Whether or not the defendant had a fishing license (which at that time had not been ascertained) I do not believe he would have needed to *secrete* a fishing lure. So far as I know, fishing lures are not contraband and one does not need a license to own one. And as to the "unlawful catch," any fish within that margarine container would have been so small that it boggles the imagination.

The officer *opened* the container, and *then* asked the owner if it belonged to him. This, under the circumstances, he had no right to do.

I am authorized to state that Presiding Judge Pannell and Judges Clark and Stolz concur in this dissent.