### 56122. THE STATE v. STONE.

BANKE, Judge.

The defendant was indicted on two counts of violating the Georgia Controlled Substances Act and one count of contributing to the delinquency of a minor. The

state appeals the grant of his motion to suppress evidence allegedly gained from an illegal search and seizure.

No hearing was held on the motion, but instead the parties apparently stipulated as evidence the transcript of a preliminary hearing which had been held for a co-defendant in the case. This transcript shows that at approximately one o'clock in the morning, two police officers were patrolling near a Days Inn Motel which was located near an interstate highway. Since thefts of hubcaps and citizen band radios had reportedly occurred in that area and the officers had found that "most of the time" it was unusual for local vehicles (Gordon County) to be at a local motel, they were on the lookout for such vehicles in the motel parking lot. There, the officers noticed someone getting into a car with a Gordon County tag. They followed the vehicle for approximately a half mile, and then pulled it over. There was no evidence of any unlawful activity. In response to the officers' questions concerning his presence at the motel, the driver and sole occupant stated that he had been visiting friends. Upon request, so as to verify his story, the driver reluctantly followed the officers back to the Days Inn and led them to the room. The officers had received no complaints or any other indication of illicit activity in the hotel room. Neither the officers nor the driver announced their presence, but the driver apparently knocked on the door, and it was opened by a male co-defendant. Before entering the room, the officers could see beer bottles beside the bed and a young lady, fully dressed, sitting in a chair. One officer asked her age, and she replied that she was sixteen. At that point, the officers entered the room "to see what was going on." *After* entering, they saw another sixteen-year-old girl, apparently intoxicated, and hypodermic syringes on the dresser. Thereafter, the defendant ran to the bathroom, where he was apprehended and searched. Retrieved from his search were the controlled substances phencyclidine and lysergic acid diethylamide. Search warrants were obtained subsequently. *Held:*

The trial judge sits as the finder of fact in a motion to suppress. *Brooks v. State,* 129 Ga. App. 393 (199 SE2d 578) (1973). Even assuming that the initial detention of the driver was justified, the trial judge was authorized to find

that the subsequent intrusion into the hotel room without a warrant and without permission was not justified. The transcript supports the inference that the officers had witnessed no criminal activity *before* entering the room and, thus, that no crime had been committed in their presence. Code Ann. § 27-207. Under this view of the evidence, the officers did not have probable cause to enter the room without a warrant; and, consequently, the subsequent search and seizure were illegal. Thus, the trial court did not err in suppressing the evidence.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED JUNE 28, 1978 — DECIDED SEPTEMBER 12, 1978.

*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellant.
*Robert L. Collins, Jr.,* for appellee.