## 64450. PARR v. JONES.

McMURRAY, Presiding Judge.

On July 18, 1980, Wallace L. Jones purchased a 1971 Cadillac from Gary R. Parr, d/b/a Decatur Auto Sales. The purchase was an installment sale in which a security agreement was executed, the purchaser paying down cash of $431.80 with installments to be made thereafter in which title was to remain with the seller until paid in full. The agreement specifically stated that the vehicle was sold without any warranty, but even though this language was printed on the form, nevertheless in writing the seller agreed as follows: "will guarantee transmission for 30 days from 7/18/80."

Jones contends that thereafter (on the date of sale within three miles of the place of business) he discovered the automobile was defective in that the transmission malfunctioned. He notified Parr who instructed him to take the automobile to a certain place for repairs which Jones did. After being informed that it had been repaired it went bad again. Jones made one other weekly payment of $50 for a total of $481.80. He returned the automobile to Parr on or about July 31, 1980, and it remained with Parr until Parr sold it again, refusing to return to Jones the amount he had paid even though he had resold the automobile to another person for a profit.

Jones then sued Parr for the breach and repudiation of the contract, contending he had fully performed his obligations under the contract and defendant had failed and refused to fulfill his duties under the contract. He sought the sums he had paid in the amount of $481.80, reasonable attorney fees and expenses of litigation.

The defendant answered, denying the claim but admitting jurisdiction, the sale of the automobile by written agreement and the contract which was attached to the petition and the express warranty with reference to the transmission for a period of 30 days. He also admitted that plaintiff had demanded return of his down payment of $431.80 and the additional $50 payment but that the warranty had not been breached and also that he had thereafter sold the automobile for a profit.

At a bench trial the court stated that from the findings of fact the plaintiff was possibly entitled to a judgment on the theory of express warranty on the transmission, it having failed after being driven about three miles, and same not being corrected, plaintiff would be entitled to his money back. Further, as the defendant then sold the automobile for the same price he had before he would have to account to the plaintiff for the difference and further defendant would not be entitled to unjust enrichment, that is, to keep the funds paid by the plaintiff. The court's findings of fact were then rendered with

reference to the contract, the only facts appearing to be controverted being the question of whether the transmission was defective and remained uncured, if in fact there was a faulty transmission. The conclusions of law by the court were that defendant having breached the sales contract by failing to repair the transmission within the 30 day period plaintiff was entitled to judgment for the breach electing to rescind the contract and he was entitled to the sums paid the defendant. The trial court also concluded that the defendant having reacquired possession of the automobile and having sold it at the same price he had sold it to the plaintiff his failure to return the $481.80 "would result in an unjust enrichment... and would result in a forfeiture by Plaintiff," and he awarded judgment to the plaintiff in the amount of $481.80. Defendant appeals. *Held:*

The defendant enumerates error in the judgment in that it was contrary to the evidence, facts and law and was a manifest abuse of discretion by the trial court. In general, the findings of fact were admitted either by the testimony of the parties or in the pleadings, the only question controverted being the difficulties with the automobile, the defendant contending that the transmission was not the problem, the same being merely due to overheating on the first occasion and out of gas on the second, admitting however that the automobile was returned to his possession and that he subsequently resold the same for the same price that he had originally sold it to the plaintiff. The plaintiff testified that almost immediately after driving it out of the place of business that it would not run, "it wouldn't pull" but was only idling, that is, "stayed in the same gear" and water was coming out of the radiator and that he took it eventually to a service station for repairs as directed by the defendant. Thereafter, when he picked it up it did the same thing and on both occasions he was aware that there was gas in the automobile and that from his knowledge of automobiles he knew it was the transmission, and the transmission had not been repaired. While his testimony is controverted by the repairman and that of the defendant, nevertheless, there was evidence to support the findings of fact by the court. Unless these findings of fact and conclusions of law are shown to be clearly erroneous or wholly unsupported by evidence this court cannot substitute its judgment for that exercised by the trial court in its findings of fact and conclusions of law. See *Allison v. Fulton-DeKalb Hosp. Auth.,* 245 Ga. 445, 447 (2) (265 SE2d 575); *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (1) (203 SE2d 860). In this connection see also *Life Ins. Co. v. Dodgen,* 148 Ga. App. 725, 728 (252 SE2d 629). There being evidence to support the findings of the trial court, the judgment must be affirmed. See *Mullins v. Oden & Sims Used Cars,* 148 Ga. App. 250 (2)

(251 SE2d 65); *Guardian of Ga. v. Granite Equipment Leasing Corp.,* 130 Ga. App. 514, 515 (1) (203 SE2d 733); *Lyon v. Lyon,* 226 Ga. 879 (178 SE2d 195). Every presumption and inference favors the judgment, and the evidence must be construed to uphold it rather than destroy it. See *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 21, 1982.

*James W. Studdard,* for appellant.
*Carolyn T. Thurston, Thomas J. Wingfield III,* for appellee.